■ In the Matter of the Estate of JACK WEINBERG, Deceased. ROSALIE LEVY, Respondent; DEBRA W. ZIMMERMAN, Appellant.—In a proceeding to recover assets of the estate of Jack Weinberg, the appeal is from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated January 13, 1986, which, *inter alia,* directed the transfer of an action pending in the Supreme Court, Nassau County, entitled "Debra Weinberg Zimmerman, Plaintiff v. Rosalie Levy, as Executrix of the Estate of Jack Weinberg, Deceased, Defendant", index No. 14745/85, to the Surrogate's Court, Nassau County. The appeal brings up for review an order of the same court, dated May 15, 1986, which, in effect, resettled the order dated January 13, 1986, so as to provide that it had been made upon reargument.

Ordered that the appeal from the order dated January 13, 1986, is dismissed, without costs or disbursements, as that order was superseded by the resettled order dated May 15, 1986; and it is further,

Ordered that the resettled order dated May 15, 1986, is reversed, without costs or disbursements, the order dated January 13, 1986 is vacated, and upon reargument, the transfer of the action entitled "Debra Weinberg Zimmerman, Plain-

tiff v. Rosalie Levy, as Executrix of the Estate of Jack Weinberg, Deceased, Defendant", Executrix of the Estate of Jack Weinberg, Deceased, Defendant", index No. 14745/85 from the Supreme Court, Nassau County, to the Surrogate's Court, Nassau County, is denied, without prejudice to an application for that relief in the pending action in the Supreme Court, Nassau County.

Although she was not required to do so, the petitioner, pursuant to CPLR 325 (e), sought to obtain the Surrogate's Court's consent to the transfer to that court of an action entitled "Debra Weinberg Zimmerman, Plaintiff v. Rosalie Levy, as Executrix of the Estate of Jack Weinberg, Deceased, Defendant", index No. 14745/85, which was pending in the Supreme Court, Nassau County (see, Garland v Raunheim, 29 AD2d 383, 389; Collins v Manufacturers Hanover Trust Co., 124 Misc 2d 907). Rather than authorizing the transfer, the Surrogate, purportedly acting in his capacity as an Acting Supreme Court Justice, directed the transfer of the action to the Surrogate's Court. However, in order to properly effectuate a transfer, it was necessary for the petitioner to make an appropriate motion in the Supreme Court, Nassau County, and not in the Surrogate's Court (see, CPLR 325 [e]; Matter of Weitzenhoffer, 75 Misc 2d 919). Accordingly, so much of the resettled order as directed the transfer of the pending Supreme Court action is reversed, without prejudice to an appropriate motion in the Supreme Court, Nassau County, if the petitioner be so advised.

In light of our determination, we do not reach the other issues raised by the appellant. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.