■ DAVID HOLLANDER et al., Respondents, v. ARTHUR HOLLANDER, Appellant, and GEORGE HOLLANDER, Defendant.— In an action to recover damages for wrongfully procuring assets of a decedent, defendant Arthur Hollander appeals from an order of the Supreme Court, Kings County, dated July 20, 1972, which denied his motion to dismiss the complaint for lack of jurisdiction over the subject matter. Order modified by (1) striking the words "in all respects" which appear after the decretal provision that the motion is denied and (2) adding thereto a provision ordering that the case is transferred to the Surrogate's Court, Kings County. As so modified, order affirmed, without costs. In our opinion, this case should be transferred to the Surrogate's Court, because the alleged wrongs concern the nonprobate of a purported will and the conversion of the assets of a decedent's estate. Wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court (*Shearn* v. *Lord,* 16 Misc 2d 224; *Mayer* v. *Goldhaber,* 63 Misc 2d 605). Accordingly, Special Term should have exercised its power under subdivision a of section 19 of article VI of the Constitution of the State of New York to direct the transfer to the Surrogate's Court (*Garland* v. *Raunheim,* 29 A D 2d 383). Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.

■ In the Matter of ANTHONY AMICUCCI, on Behalf of MARIE MOORE, Respondent, v. JAMES C. MOORE, Appellant.— In a proceeding pursuant to section 454 of the Family Court Act to commit appellant to jail for failure to obey a prior support order of the Family Court, Westchester County, dated September 13, 1972, directing him to pay $30 per week support for his wife and their two children, the appeal is from an order of said court, dated January 9, 1973, which, after a hearing, granted the application, committed appellant to the Westchester County Penitentiary for 90 days, but suspended the commitment on condition that there be no further violation " of Court Order", and increased the support order to $50 a week current support, plus $10 per week towards $450 accumulated arrears. Order reversed, on the law, without costs, and proceeding remanded to the Family Court for a new hearing, at which appellant shall be offered the option of obtaining assigned counsel. The questions of fact have not been considered. This determination is without prejudice to any increase by the Family Court of the original amount of $30 support, if made after a full hearing into the parties' relative circumstances and upon a showing of a change in the parties' circumstances warranting such an increase. The Family Court's examination of the witnesses, appellant and his wife, was informal and shallow and no one was placed under oath. There was no relation back to earlier proceedings or any line of questioning to elicit facts that would show that the parties' relative situations had changed since the original support order was made. Accordingly, we think the increase of the support award in this enforcement proceeding was erroneous and we remand the matter to the Family Court for a hearing on all the issues raised by the petition, including the question of willful disobedience. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Brennan, JJ., concur.