■ PEEKSKILL COMMUNITY HOSPITAL, Respondent, v WILLIAM SAYRES, JR., Appellant, et al., Defendants. — In an action to recover damages and for other relief for wrongfully procuring assets of a decedent, defendant William Sayres, Jr., appeals from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered August 10, 1981, as denied his cross motion to dismiss the complaint. Order modified by adding a provision thereto transferring the case to the Surrogate's Court, Westchester County. As so modified, order affirmed insofar as appealed from, without costs or disbursements. This case should be transferred to the Surrogate's Court because the alleged wrongs concern the unlawful conversion of the assets of a decedent's estate. Wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court (*Hollander v Hollander,* 42 AD2d 701; *Shearn v Lord,* 16 Misc 2d 224; *Mayer v Goldhaber,* 63 Misc 2d 605; *Vormbaum v Murrow,* 118 NYS2d 341). Accordingly, Special Term should have exercised its power under article VI (§ 19, subd a) of the Constitution of the State of New York to direct the transfer to the Surrogate's Court (*Hollander v Hollander, supra; Garland v Raunheim,* 29 AD2d 383). Mollen, P. J., Titone, Thompson and Rubin, JJ., concur.

■ MARY PURDIE, Individually and as Administratrix of the Estate of HENRY PURDIE, Deceased, Respondent, v CONTINENTAL SOUTHEASTERN LINES, INC., Appellant, et al., Defendants. (And Third- and Fourth-Party Titles.) — In a wrongful death action, defendant Continental Southeastern Lines, Inc. appeals, on the ground of excessiveness, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered June 23, 1981, as, after a jury trial, was in favor of plaintiff and against it in the principal sum of $5,000,000. Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and as between plaintiff and defendant Continental Southeastern Lines, Inc., action severed and new trial granted limited to the issue of damages only, unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in her favor to $1,200,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, insofar as appealed from, without costs or disbursements. In our opinion, under all the circumstances, the amount of damages was excessive to the extent indicated. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ WILBUR S. RAHMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent which, after a departmental hearing, found petitioner guilty of certain misconduct and suspended him for a period of three days, petitioner appeals from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated June 26, 1981, as, upon transferring the matter to this court to determine whether the suspension was supported by substantial evidence, held that petitioner was not entitled to have a stenographic record made of the proceedings which resulted in his suspension. Judgment reversed, insofar as appealed from, and proceeding dismissed, on the law, without costs or disbursements. The petitioner failed to exhaust his administrative remedies. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.