■ REGINA NICHOLS, Respondent, v VICTOR KRUGER, as Attorney-in-Fact and Executor of ADDA C. GUNDREY, Also Known as ADELE C. GUNDREY, Deceased, Appellant, et al., Defendants.—In an action by a specific devisee of real property, *inter alia,* to declare void a contract for the sale of that property and the power of attorney under which it was signed on behalf of the seller (now deceased), and to declare plaintiff to be the owner of the subject real property, defendant Victor Kruger appeals from an order of the Supreme Court, Suffolk County (Stark, J.), dated September 17, 1984, which denied his motion to transfer the action from the Supreme Court, Suffolk County, to the Surrogate's Court, Suffolk County.

Order reversed, without costs or disbursements, defendant Kruger's motion granted, and the subject action is transferred to the Surrogate's Court, Suffolk County.

On all of the evidence, Special Term's denial of defendant Victor Kruger's motion was an improvident exercise of discretion.

The essence of plaintiff's suit in the Supreme Court, Suffolk County, against defendant Victor Kruger is that, virtually on the eve of the death of decedent, Adda Caron Gundrey, residuary beneficiary Kruger, as purported attorney-in-fact for decedent, entered into a contract to sell certain real property which had been specifically devised to plaintiff under the will of Mrs. Gundrey. Plaintiff contends that the contract was an attempt by Kruger to deprive plaintiff of her specific devise and convert it for his own benefit. The decedent died before the closing could take place.

Although plaintiff argues that the dispute is between living persons and is not one affecting an estate, the contract which plaintiff would set aside was, on its face, made by the *decedent,* through the purported power of attorney. The alleged wrongs asserted by plaintiff concern the attempted conversion of the decedent's assets and partial frustration of the decedent's testamentary plan. In *Peekskill Community Hosp. v Sayres* (88 AD2d 657, *lv dismissed* 58 NY2d 601, 689), this court held: "Wherever possible, all litigation involving the

property and funds of a decedent's estate should be disposed of in the Surrogate's Court *(Hollander v Hollander,* 42 AD2d 701; *Shearn v Lord,* 16 Misc 2d 224; *Mayer v Goldhaber,* 63 Misc 2d 605; *Vormbaum v Murrow,* 118 NYS2d 341). Accordingly, Special Term should have exercised its power under article VI (§ 19, subd a) of the Constitution of the State of New York to direct the transfer to the Surrogate's Court *(Hollander v Hollander, supra; Garland v Raunheim,* 29 AD2d 383)".

Accordingly, the matter should be transferred to the Surrogate's Court, Suffolk County. Lazer, J. P., O'Connor, Weinstein and Neihoff, JJ., concur.