■ BURMAX COMPANY, INC., Respondent, v B & S INDUSTRIES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and breach of contract and for the imposition of a constructive trust, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered December 19, 1986, which granted the plaintiff's motion for a preliminary injunction enjoining the distribution of certain assets, and denied the defendants' cross motion to disqualify plaintiff's counsel and to transfer the action to the Surrogate's Court, New York County.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied that branch of the defendants' cross motion which was to transfer the action to the Surrogate's Court, New York County, and substituting therefor a provision granting that branch of the cross motion, and (2) adding thereto a provision that the plaintiff shall give an undertaking in an amount to be fixed by the Surrogate's Court, New York County, after a hearing which shall be held for that purpose, unless the parties stipulate to an amount; as so modified, the order is affirmed, without costs or disbursements.

On June 25, 1986, the parties executed an "Asset Purchase Agreement" (hereinafter the agreement), whereby Burmax Company, Inc. (hereinafter Burmax) would purchase certain assets of the defendants B & S Industries, Inc. (hereinafter B & S) and Scalpmaster Products, Inc. (hereinafter Scalpmaster), of which the late Howard H. Born was sole shareholder, for the sum of $650,000, $150,000 of which was allocated to trademark rights. The agreement contained the representation that "[e]xcept as indicated in the Disclosure Schedule, Sellers own, free and clear of all liens, claims and other encumbrances, all the trademarks, trademark registrations and applications therefor". A schedule annexed to the agreement stated that the "Champion" trademark, one of the six trademarks being sold, was owned by B & S.

The agreement further provided that the sellers' attorney, a

law firm of which the defendant Schoen was a member, was to hold $100,000 of the purchase price in escrow "until the later of (i) one hundred twenty (120) days or (ii) a sales tax clearance has been obtained from the New York State Tax Department with respect to the Purchased Businesses".

Shortly after the closing date, the plaintiff discovered that B & S did not own the trademark "Champion", but merely possessed a license to use the trademark, which had expired five days subsequent to the closing, and that B & S had no right to transfer ownership of the trademark or its registration to a third party. The plaintiff thereafter informed the defendants of what it had learned and requested that the defendant Schoen retain the $100,000 sum placed in escrow and that the defendants coexecutors of the estate of Howard H. Born refrain from distributing any part of the purchase price pending resolution of the dispute. The defendants' counsel advised the plaintiff's counsel of his "client's [sic] intention to distribute the proceeds in accordance with the terms of the agreement" and forwarded "a photostat copy of the purchasers and/or escrow agents release for sales and use taxes, for [their] file", prompting the plaintiff to seek injunctive relief.

The Supreme Court properly exercised its discretion in granting the plaintiff's motion for a preliminary injunction enjoining the distribution of the assets in question inasmuch as the plaintiff has demonstrated (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors its position (see, Montauk-Star Is. Realty Group v Deep Sea Yacht & Racquet Club, 111 AD2d 909, 910; Family Affair Haircutters v Detling, 110 AD2d 745, 747).

The affidavits submitted in support of the plaintiff's motion establish quite clearly that the defendants entered into the agreement, by which they endeavored to transfer ownership of the "Champion" trademark, cognizant of their inability to do so. While the defendants attempt to inject a factual issue into the dispute by their claim that, prior to the execution of the agreement, they provided the plaintiff with documents which revealed their limited interest in the trademark, the contract nevertheless contains a representation to the contrary. Moreover, since the defendants will suffer no great hardship as a result of the issuance of the preliminary injunction, which is necessary to preserve the status quo, the alleged factual dispute should not bar the remedy (see, City Store Gates Mfg. Corp. v United Steel Prods., 79 AD2d 671).

The plaintiff has also satisfied the second component of the

threefold test since "the defendant[s] threaten * * * or [are] about to do * * * an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual" (CPLR 6301; *see, Bashein v Landau,* 96 AD2d 479; *Poling Transp. Corp. v A & P Tanker Corp.,* 84 AD2d 796; *Blake v Biscardi,* 52 AD2d 834).

Finally, a balancing of the equities favors the plaintiff since "the irreparable injury to be sustained by the plaintiff is more burdensome to it than the harm caused to defendant[s] through imposition of the injunction" *(Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021, 1022). The defendants' claimed inability to effectively administer the estate of Howard H. Born and pay taxes due thereon must be rejected in light of the limited breadth of the injunctive relief granted.

We find, however, that the Supreme Court's issuance of a preliminary injunction without mandating compliance with "New York's long-standing policy of requiring the plaintiff to furnish security as a prerequisite" (7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.08) was improper *(see,* CPLR 6312 [b]; *Family Affair Haircutters v Detling, supra,* at 748; *Catalogue Serv. v Henry, 107 AD2d 783, 784-785).*

The Supreme Court should have exercised its power under NY Constitution, article VI, § 19 (a) to direct the transfer of the matter to the Surrogate's Court, New York County, whose jurisdiction over the estate of Howard H. Born has already been invoked *(see, Matter of Weinberg,* 125 AD2d 398; *Hollander v Hollander,* 42 AD2d 701; *Shearn v Lord,* 16 Misc 2d 224, *affd* 3 AD2d 823; *Collins v Manufacturers Hanover Trust Co.,* 124 Misc 2d 907). The Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedent's estates (NY Const art VI; *see, Matter of O'Hara,* 85 AD2d 669, 670), and a guiding principle as to the invocation of each court's jurisdiction is that "if both tribunals, whose interference has been invoked, have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued" *(Schuehle v Reiman,* 86 NY 270, 273). Moreover, "[w]herever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court" *(Peekskill Community Hosp. v Sayres,* 88 AD2d 657, *lv dismissed* 58 NY2d 601, 689; *Hollander v Hollander, supra).* Inasmuch as the dispute herein clearly "affects the administration of [the] decedent's estate" (CPLR 325 [e]), the estate and the coexecutors of the estate are defendants in this action, and the removal will foster judicial

economy and lead to an expedited settlement of the estate *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 325.23), we conclude that that branch of the defendants' cross motion which was to transfer this action to the Surrogate's Court, New York County, should have been granted.

Finally, the defendants' claim that the disqualification of the plaintiff's counsel is mandated since he "ought to be called as a witness" in the trial of the action (Code of Professional Responsibility DR 5-101 [B]) to testify as to the negotiations and the drafting of the agreement was properly rejected. The allegations in support of that branch of the cross motion are vague and unsubstantiated and are belied by the record, which reveals that negotiations were conducted by the plaintiff's president and that the plaintiff's counsel's involvement did not commence until little more than a day prior to the execution of the contract. In short, the defendants have failed to sustain their burden of demonstrating that the attorney ought to be called as a witness and would, in that event, provide testimony which is "strictly necessary" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446). Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.