■ SAUL L. BIRNBAUM, Respondent, v CENTRAL TRUST COMPANY et al., as Temporary Coadministrators of the Estate of BERNARD P. BIRNBAUM, Deceased, Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered on or about February 23, 1989, which denied the defendants' motion to transfer the action to the Monroe County Surrogate's Court, unanimously reversed on the law and the facts, and in the exercise of discretion, the motion granted and the action transferred to the Monroe County Surrogate's Court, with costs.

Defendants-appellants Central Trust Company and Ilene Flaum are temporary coadministrators of the estate of Bernard P. Birnbaum. The Birnbaum estate possesses a 50% interest in real estate partnerships in which the remaining 50% interest is held by the plaintiff Saul Birnbaum. Bernard Birnbaum died domiciled in Monroe County and it was in Monroe County that his will was probated. The present action is brought by plaintiff both in his capacity as a partner and as a cobeneficiary under the will of Bernard Birnbaum. Plaintiff alleges that the partnerships have been mismanaged and seeks various forms of equitable and legal relief. The action has been brought in New York County. Defendants contend that the proper venue for the action is the Monroe County Surrogate's Court since the lawsuit concerns matters relating to the Birnbaum estate which is currently being administered before the Monroe County Surrogate.

CPLR 325 (e) provides in relevant part: "[w]here an action pending in the supreme court affects the administration of a decedent's estate which is within the jurisdiction of the surrogate's court, the supreme court, upon motion, may remove the action to such surrogate's court upon the prior order of the surrogate's court." Although the statute does not appear to mandate removal, it is clear that the interests of judicial economy dictate a strong preference for removal where the affairs of an estate are involved. "Wherever possible, all

litigation involving the property and funds of a decedent's estate should be disposed of in Surrogate's Court" *(Peekskill Community Hosp. v Sayres,* 88 AD2d 657; *see also, Hollander v Hollander,* 42 AD2d 701; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 601). And, while the statute seems to require the prior consent of the Surrogate's Court to the removal, it is clear that this requirement is superseded by provisions of the State Constitution empowering the Supreme Court to transfer actions over which it has concurrent jurisdiction with the Surrogate's Court to the Surrogate's Court without the Surrogate Court's consent *(Collins v Manufacturers Hanover Trust Co.,* 124 Misc 2d 907, 912; *see also, Garland v Raunheim,* 29 AD2d 383; *Matter of Weitzenhoffer,* 75 Misc 2d 919; *Morse v Penzimer,* 58 Misc 2d 156; *Matter of Meister,* 55 Misc 2d 1050).

There can be no question that the present action which is asserted against the administrators of the Birnbaum estate in their administrative capacity, and which concerns the disposition of partnership property in which the estate has a 50% interest and in which estate trust beneficiaries other than the plaintiff are interested, falls within the jurisdiction of the Surrogate's Court. As the Surrogate's Court has jurisdiction to hear the matter, and as the Monroe County Surrogate is already familiar with the extensive history of litigation between plaintiff and the estate *(see, Matter of Birnbaum v Birnbaum,* 101 AD2d 710; *Matter of Birnbaum,* 112 AD2d 778; *Matter of Birnbaum v Birnbaum,* 103 AD2d 1016; *Matter of Birnbaum v Birnbaum,* 117 AD2d 409; *Flaum v Birnbaum,* 107 AD2d 1087), it appears that the present controversy would be most appropriately, economically and expeditiously adjudicated by that court. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.