■ HENRY R. BENJAMIN, JR., et al., Appellants, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Carol Huff, J.) entered December 19, 1990, which granted the defendant's motion, pursuant to CPLR 325 (e) to remove the action to Surrogate's Court, Suffolk County, unanimously affirmed, without costs.

Plaintiffs ("the Benjamins") are descendants of Harry Rogers Benjamin and his first wife. Harry Rogers Benjamin (H.R. Benjamin) died in 1967 and his will was admitted to probate on March 12, 1967. His will directed that approximately $6,000,000, which constituted about one half of his residuary estate, be placed in trust for the benefit of his third wife, Germaine, who was to receive at least $100,000 per year therefrom. Defendant Morgan Guaranty Trust Company was designated as the trustee of the trust. H.R. Benjamin's will further directed that, upon Germaine's demise, the trustee should dispose of the remaining principal as directed by Germaine in her will. In the event of Germaine's failure to exercise her power of appointment or of an invalid exercise of her power of appointment, the trustee was directed to distribute the remaining principal of this trust to the testamentary trustees of trusts established under the will of H.R. Benjamin for the benefit of Benjamin's children and their heirs, the plaintiffs herein.

In the action which underlies this appeal the plaintiffs allege violations of H.R. Benjamin's testamentary document based on the alleged massive invasions of the marital trust during Germaine's lifetime and based on Germaine's exercise of her power of appointment in favor of the two charities (hospitals) which consented to such invasions. Plaintiffs also allege that Morgan Guaranty breached its fiduciary duty to the remaindermen of the marital trust. The relief sought by

the complaint is nullification of Germaine's exercise of the power of appointment, distribution of the remaining principal of the marital trust to the descendants' trusts, and removal of Morgan Guaranty as trustee of the descendants' trusts.

In a prior decision in this matter, this Court held that the IAS Court (Huff, J.) erred in dismissing the complaint in this action on the grounds of *res judicata* and in concluding that the plaintiffs lacked standing to raise the challenges to the exercise of the power of appointment of the property of the marital trust. *(Benjamin v Morgan Guar. Trust Co.,* 163 AD2d 135.) We stated that as contingent remaindermen of the testamentary trust under the original will of Benjamin, plaintiffs continue to have standing to raise the issues concerning the depletion of the trust and misuse of the power of appointment.

CPLR 325 (e) provides that "[w]here an action pending in the supreme court affects the administration of a decedent's estate which is within the jurisdiction of the surrogate's court, the supreme court, upon motion, may remove the action to such surrogate's court upon the prior order of the surrogate's court". This Court has stated that "[a]lthough the statute does not appear to mandate removal, it is clear that the interests of judicial economy dictate a strong preference for removal where the affairs of an estate are involved. 'Wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in Surrogate's Court' *(Peekskill Community Hosp. v Sayres,* 88 AD2d 657; *see also, Hollander v Hollander,* 42 AD2d 701; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 601). And, while the statute seems to require the prior consent of the Surrogate's Court to the removal, it is clear that this requirement is superseded by provisions of the State Constitution empowering the Supreme Court to transfer actions over which it has concurrent jurisdiction with the Surrogate's Court to the Surrogate's Court without the Surrogate's Court's consent". *(Birnbaum v Central Trust Co.,* 156 AD2d 309, 309-310.)

While the Surrogate's Court does not generally have jurisdiction over inter vivos trusts, where the trust in question is so intimately connected with the estate that the dispute necessarily affects the administration of the estate, the removal of the action to Surrogate's Court has been upheld *(see, Trask v Cohen,* 72 AD2d 549; *and see, Nichols v Kruger,* 113 AD2d 878 [2d Dept 1985]).

This Court has not yet determined the issue of whether the

Surrogate's Court or the Supreme Court is the appropriate one in which to try the claims asserted by these plaintiffs. The Surrogate's Court has "full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein". (SCPA 201 [3].) The claims raised by the plaintiffs in this action will ultimately determine the extent of the remainder of the testamentary marital trust established in H.R. Benjamin's will and to whom that remainder will be given. The propriety of Germaine Cromwell's actions and those of defendant Morgan Guaranty with respect to the trust, before Germaine's death, are issues to be determined. Clearly, the litigation involves the administration of H.R. Benjamin's estate as well as the validity of the execution of a power of appointment in Germaine Cromwell's will.

While the Supreme Court and this Court are by now familiar with the facts and can retain jurisdiction, it can not be said that Justice Huff abused her discretion in granting removal of the action to Surrogate's Court, Suffolk County. The Surrogate's Court has the power to grant the parties complete relief, and is also familiar with the facts of this litigation and more familiar with the particulars of the estates of H.R. Benjamin and Germaine Cromwell. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.