■ ROSENMAN & COLIN, Appellant, v BRUCE WINSTON, Respondent. [613 NYS2d 893] —Order, Supreme Court, New York County (Carol Arber, J.), entered October 5, 1993, which granted defendant's motion to transfer the action to the Surrogate's Court, Westchester County, unanimously affirmed, without costs.

The IAS Court properly concluded that the Surrogate's Court has jurisdiction over this action to recover legal fees and is better suited to resolve it. Under SCPA 2110 (2), the Surrogate would be empowered to award legal fees to plaintiff from the estate if it is shown that plaintiff rendered services that increased the value of the estate *(see, Matter of Bellinger,* 55 AD2d 448, 451). Moreover, under NY Constitution, article VI, § 12 (d), the Surrogate's Court "shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto" and under CPLR 325 (e), a matter over which the Surrogate's Court has jurisdiction should be transferred to that court if the interests of judicial economy would be served *(Birnbaum v Central Trust Co.,* 156 AD2d 309). Here, the Surrogate's Court is in a unique position to determine the amount of fees owed to plaintiff in light of the extensive litigation that has taken place in that court. Moreover, as the Surrogate's Court noted in its decision consenting to a transfer of this matter, since plaintiff has a statutory charging lien on defendant's interest in the trust and since a proceeding is pending to compel a substantial distribution of assets to pay legal fees, "the settlement of that proceeding and for that matter the final resolution of all litigation in this estate is affected by the charging

lien [and] will \* \* \* require a determination of [plaintiff's] fees". Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.