■ SETH GROSSMAN et al., Appellants, v BRANDON R. SALL et al., Respondents. [663 NYS2d 575] —Orders, Supreme Court, New York County (Diane Lebedeff, J.), entered August 14, 1997 and August 16, 1997, which granted defendants' motion to transfer the Supreme Court action to the Surrogate's Court, and order, Surrogate's Court, New York County (Renee Roth, S.), entered December 2, 1996, which granted defendants' motion to vacate plaintiffs' jury demand, unanimously affirmed, with costs. Appeal from order, Surrogate's Court, New York County (Renee Roth, S.), entered August 7, 1996, which granted defendants' request for that court's consent to the transfer to that court of a related action that was commenced by plaintiffs in Supreme Court, New York County, unanimously dismissed, without costs, as taken from a nonappealable order.

The Supreme Court action was properly transferred to the Surrogate's Court, since the claims made therein all relate to defendants' allegedly improper conduct while serving as executor and counsel to the decedent's estate, and the relief requested therein does not directly relate back to the earlier actions in Supreme Court against the decedent, and thereafter against his estate, to enforce the decedent's obligations under a separation agreement incorporated into a judgment of divorce (*see, Burmax Co. v B & S Indus.*, 135 AD2d 599, 601-602). The gravamen of the action involves fiduciary obligations of a coexecutor, administering an estate. As to this equitable claim, plaintiffs' demand for a jury trial was properly vacated. We have considered plaintiffs' other arguments and find them to be without merit. Concur—Nardelli, J. P., Mazzarelli, Andrias and Colabella, JJ.