OPINION OF THE COURT
Victor I. Barron, J.
*678 Plaintiff in action No. 1, Morton Berger, moves, and the defendant in action No. 1 and plaintiff in action No. 2, Dennis Halpern, cross-moves for an order: (i) transferring this matter to the Surrogate’s Court, pursuant to CPLR 325 (e); (ii) appointing a temporary administrator to act as fiduciary on behalf of defendant decedent Abraham Ickovicz for the purposes of this litigation, and amending the caption accordingly. Plaintiff Berger also seeks partial summary judgment on the issue of liability as against Ickovicz.
These actions, which were consolidated for joint trial pursuant to an order of this court dated November 17, 1995, have their genesis in a motor vehicle accident which occurred on November 1, 1993, at approximately 7:45 a.m. at the intersection of Avenue I and Coney Island Avenue in Brooklyn, New York. There is no dispute that the vehicle driven by Ickovicz, in which Berger was a passenger, struck a pick-up truck which was stopped at a red light. The truck was driven by Halpern and owned by defendant Advanced Contracting Corp. Berger commenced action No. 1 in or about April 1994, and Halpern commenced action No. 2 in or about August 1994. During the course of discovery, Ickovicz testified at an examination before trial on May 8, 1995. Ickovicz, however, died on August 5, 1996, before a trial could take place. It is the plaintiffs’ contention that the action should be removed to Surrogate’s Court because the plaintiffs in the instant negligence action are creditors of the estate of Abraham Ickovicz and to the extent that there are assets, they may be used to pay any judgments obtained by the movants.
The issue presented is whether this matter should be transferred to the Surrogate’s Court pursuant to CPLR 325 (e), which provides, in pertinent part: “Where an action pending in supreme court affects the administration of a decedent’s estate which is within the jurisdiction of the surrogate’s court, the supreme court, upon motion, may remove the action to such surrogate’s court upon the prior order of the surrogate’s court.”
This statute, in its present form, which makes no change from the practice under its predecessor statute, Civil Practice Act § 190-a (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C325:5, at 568), is designed to “ ‘expedite the settlement of estates’ ” and to foster judicial economy by permitting the free transfer of actions affecting the estate to the Surrogate’s Court which, presumably, has a calendar less subject to delays (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 325.23, quoting Matter of Shearn, 16 Misc 2d 238, *679 240; see also, Burmax Co. v. B & S Indus., 135 AD2d 599; Collins v Manufacturers Hanover Trust Co., 124 Misc 2d 907).
Although this statute appears to require the permission of the Surrogate prior to removal, it is clear that this restriction has been superseded by provisions of the State Constitution, which empowers the Supreme Court to transfer actions, over which it has concurrent jurisdiction, to the Surrogate’s Court without the Surrogate’s consent (NY Const, art VI, § 19 [a]; Benjamin v Morgan Guar. Trust Co., 173 AD2d 373; Birnbaum v Central Trust Co., 156 AD2d 309; Garland v Raunheim, 29 AD2d 383; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 325.20).
It is also well settled that the Supreme Court and the Surrogate’s Court have concurrent jurisdiction over matters which involve decedents’ estates (NY Const art VI; McCoy v Bankers Fed. Sav. & Loan Assn., 131 AD2d 646; Matter of O’Hara, 85 AD2d 669) and that although the statute does not “mandate removal” (Birnbaum v Central Trust Co., supra; Benjamin v Morgan Guar. Trust Co., supra, at 374), “[w]herever possible, all litigation involving the property and funds of a decedent’s estate should be disposed of in the Surrogate’s Court” (Peek-skill Community Hosp. v Sayres, 88 AD2d 657, lv dismissed 58 NY2d 601; see also, Benjamin v Morgan Guar. Trust Co., supra, at 374; Birnbaum v Central Trust Co., supra, at 309-310; Burmax Co. v B & S Indus., supra, at 601; McCoy v Bankers Fed. Sav. & Loan Assn., supra, at 648; Hollander v Hollander, 42 AD2d 701).
A review of the commentary concerning CPLR 325 (e) reveals that there has been some reservation expressed regarding the transfer of cases to Surrogate’s Court, noting that “since the primary reason for the constitutional provision allowing free transfer is to permit fuller calendar control, the Supreme Court should not order removal of cases that are within the concurrent jurisdiction of the Surrogate’s Court, unless its calendar is delayed or the same issues will have to be tried in both courts” (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 325.23).
A review of the case law also leads to a clearer understanding of the circumstances when cases should be transferred to Surrogate’s Court.
In Rosenman & Colin v Winston (205 AD2d 451), the Appellate Division found that the action was properly transferred to the Surrogate’s Court because the Surrogate was in a “unique position” to determine the extent of the legal fees owed in light of the extensive litigation which had taken place in that court as well as the fact that plaintiff had a charging lien on defendant’s interest in the trust which was a part of the estate.
*680 The Appellate Division, Second Department, reversed the Supreme Court in Nichols v Kruger (113 AD2d 878), and ordered the matter transferred to the Surrogate’s Court where the alleged wrongs asserted by the plaintiff concerned the attempted conversion of the decedent’s assets and the partial frustration of the decedent’s testamentary plan.
In Hollander v Hollander (42 AD2d 701, supra), the Supreme Court’s order was modified and the matter ordered transferred to the Surrogate’s Court where “the alleged wrongs concern the nonprobate of a purported will and the conversion of the assets of a decedent’s estate.” Similarly, in Peekskill Community Hosp. v Sayres (88 AD2d 657, supra) the Court directed the matter transferred to the Surrogate’s Court where the alleged wrongs concerned the unlawful conversion of the assets of a decedent’s estate, and “where the trust in question is so intimately connected with the estate that the dispute necessarily affects the administration of the estate”, the matter in question was properly transferred to the Surrogate’s Court (Benjamin v Morgan Guar. Trust Co., supra, 173 AD2d, at 374).
While in Birnbaum v Central Trust Co. (156 AD2d 309, supra), the Supreme Court was reversed and the matter transferred to the Surrogate’s Court because: (a) the action was asserted against the administrators of the estate in their administrative capacity; (b) the action concerned the disposition of partnership property in which the estate had a 50% interest; and (c) the Surrogate was familiar with the extensive history of the litigation.
Clearly, the common thread or threads which run through the foregoing cases is that the action directly affected the execution of a testamentary plan, or concerned some major asset of the estate and that the Surrogate’s Court had already acted in the case and/or the Surrogate was familiar with the facts and history or was uniquely suited to hear those cases. Indeed, in McCoy v Bankers Fed. Sav. & Loan Assn. the Appellate Division, Second Department, stated that “ ‘the Supreme Court ordinarily refrains from exercising the concurrent jurisdiction where all the relief requested may be obtained in the Surrogate’s Court and where the Surrogate’s Court has already acted’ ” (supra, 131 AD2d, at 648-649 [emphasis added], quoting Dunham v Dunham, 40 AD2d 912, 913).
Although the Supreme Court and Surrogate’s Court have concurrent jurisdiction over the instant action, there is no evidence that the disposition of the estate is directly affected by *681 the case and, in fact, it may ultimately not be affected at all. In addition, the Surrogate’s Court is certainly not in a “unique position” to hear this case or is in any way familiar with it. This matter is not “so intimately connected with the estate” that the dispute necessarily affects the estate’s administration. Further, this case will not be subjected to inordinate delays as it appears on the trial ready calendar.
Accordingly, this court, in its discretion, denies that branch of plaintiffs’ motion which seeks to transfer this action to the Surrogate’s Court.
That branch of plaintiffs’ motion which requests the substitution of a fiduciary in place of the defendant Ickovicz is granted and, upon consent, the named administrator is substituted in this action for defendant decedent Abraham Ickovicz (see, CPLR 1015, 1021).
Lastly, plaintiffs motion for partial summary judgment on the issue of liability is denied. While it has often been held that negligence actions do not readily lend themselves to summary relief (Ugarriza v Schmieder, 46 NY2d 471; Andre v Pomeroy, 35 NY2d 361; Young v City of New York, 113 AD2d 833; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:8, at 315-317), it is also well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of liability on the part of the operator of the moving vehicle and imposes a duty upon the operator to explain the manner in which the accident occurred (Reid v Courtesy Bus Co., 234 AD2d 531; Johnston v El-Deiry, 230 AD2d 715; Leal v Wolff, 224 AD2d 392; Gambino v City of New York, 205 AD2d 583; Starace v Inner Circle Qonexions, 198 AD2d 493; Edney v Metropolitan Suburban Bus Auth., 178 AD2d 398). Further, the operator of the moving vehicle is required to rebut the inference of negligence because that individual is in the best position to explain whether the collision was the result of a mechanical failure, wet pavement, or some other reasonable cause (Leal v Wolff, supra, at 393; Barile v Lazzarini, 222 AD2d 635; Carter v Castle Elec. Contr. Co., 26 AD2d 83). If the driver of the moving vehicle does not come forward with any evidence to rebut the inference of negligence, plaintiff may properly be awarded summary judgment as a matter of law (Reid v Courtesy Bus Co., supra; Starace v Inner Circle Qonexions, supra; Young v City of New York, supra, at 834).
In the matter presently before this court, Ickovicz testified at the examination before trial that when he attempted to stop his vehicle, the brake pedal “went right down to the floor” and *682 the vehicle would not slow down or stop. Since an issue of fact exists as to whether the accident was caused by mechanical failure, i.e., the unexpected brake failure asserted herein, summary judgment must be denied because of the existence of a nonnegligent explanation for the accident (see, Jackson Young, 226 AD2d 230, lv denied 88 NY2d 814; LaSalle v J & T Sand & Gravel, 177 AD2d 265, lv denied 79 NY2d 755).
Accordingly, plaintiffs’ motion is granted only to the extent that the named administrator, or if no administrator has been named, Ephraim Ickovicz, is substituted for defendant Abraham Ickovicz and the clerk of the court is directed to amend the caption accordingly.