SHARON J. GAENTNER et al., Respondents, v TAMMY BENK-OVICH, Appellant. [795 NYS2d 246]—

In an action, inter alia, to set aside a deed and impose a constructive trust, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated August 4, 2003, as granted the plaintiffs' motion for a preliminary injunction enjoining her from disposing of or encumbering the ownership and equity interest she holds in the subject premises, and to stay the related eviction proceeding commenced by her in the District Court, Suffolk County, and denied those branches of her cross motion which were to dismiss the second, third, and fifth causes of action pursuant to CPLR 3211 (a) (3), (5), and (7).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the cross motion which were to dismiss the second cause of action insofar as asserted by the plaintiffs Martin Benkovich, Patricia Vinkers, Ernest Gaentner, and Sharon Gaentner in her individual capacity, to dismiss the third cause of action, and to dismiss those portions of the fifth cause of action which were for the dissolution of the alleged partnership, sale of the partnership assets, and distribution of the sale proceeds to the partners in equal shares, and substituting therefor a provision granting those branches of the motion, and (2) adding thereto a provision directing the plaintiffs to give an undertaking in an amount to be fixed by the Supreme Court, Suffolk County; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The plaintiff Sharon Gaentner is the nominated executrix of the estate of her late mother, the decedent Adeline Benkovich. Sharon Gaentner and her husband Ernest Gaentner resided with the decedent in the decedent's Commack home for approximately 29 years prior to her death on August 7, 2002. However, less than three months before her death, the decedent conveyed the premises to another daughter, the defendant Tammy Benkovich. Shortly after the decedent's death, the defendant commenced a summary proceeding against Sharon Gaentner and Ernest Gaentner (hereinafter the Gaentners) in the District Court, Suffolk County, seeking to evict them from the premises for nonpayment of rent. The Gaentners, and Sharon Gaentner's siblings Martin Benkovich and Patricia Vinkers, then commenced this action seeking, on behalf of all four plaintiffs, to set aside the deed conveying the premises to the defendant on the ground that it was the product of duress, and to recover damages for the defendant's alleged conversion of the

premises. The Gaentners additionally asserted causes of action seeking to impose a constructive trust on the premises, dissolve an alleged oral partnership agreement with the decedent regarding the house, and recover damages for unjust enrichment. Following commencement of the action, the plaintiffs moved to preliminarily enjoin the defendant from disposing of or encumbering the ownership and equity interest she holds in the subject premises, and staying the District Court eviction proceeding. The defendant cross-moved to dismiss the complaint, inter alia, for failure to state a cause of action. The Supreme Court granted the plaintiffs' motion and granted those branches of the defendant's cross motion which were to dismiss the causes of action alleging conversion and unjust enrichment.

On appeal, the defendant contends that the second cause of action, which sought to set aside the conveyance of the premises, should have been dismissed insofar as asserted by Sharon Gaentner in her capacity as executrix of the decedent's estate because she has not yet obtained letters testamentary appointing her to be the decedent's personal representative. We disagree. "[T]he authority of an executor is derived from the will, not from the letters issued by the Surrogate" (*Matter of Yarm*, 119 AD2d 754 [1986]), and prior to the issuance of letters testamentary, a nominated executor has the duty to preserve estate assets for the protection of those persons eventually entitled to receive them (*see* EPTL 11-1.3). Accordingly, Sharon Gaentner had the authority, in her capacity as nominated executrix, to maintain the second cause of action to recover and preserve an asset alleged to have been wrongfully diverted from the decedent's estate (*see Matter of Yarm, supra; see also, Spatz v Bajramoski*, 214 AD2d 436 [1995]). However, the second cause of action should have been dismissed insofar as it was asserted by Sharon Gaentner in her individual capacity as a legatee under the will, and by her husband and siblings. An executor, who is charged with the duty of recovering the property of the estate, must represent the legatees in the administration of the estate, and legatees thus have no independent right to maintain an independent cause of action for the recovery of property of the estate (*see McQuaide v Perot*, 223 NY 75, 79 [1918]; *Jackson v Kessner*, 206 AD2d 123 [1994]; *Wierdsma v Markwood Corp.*, 53 AD2d 581 [1976]).

Furthermore, the Supreme Court should have dismissed the third cause of action, which sought the imposition of a constructive trust in favor of the Gaentners. The elements of a cause of action for a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon,

and (4) unjust enrichment (*see Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]; *Cerabono v Price*, 7 AD3d 479 [2004], *lv denied* 4 NY3d 704 [2005]; *Satler v Merlis*, 252 AD2d 551 [1998]). Here, even accepting the plaintiffs' factual allegations as true and according them the benefit of every favorable inference, as we must on a motion to dismiss for failure to state a cause of action (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Konidaris v Aeneas Capital Mgt., LP*, 8 AD3d 244 [2004]), the plaintiffs failed to show any legally cognizable "transfer in reliance" or unjust enrichment enjoyed by the decedent (*Satler v Merlis, supra; see Matter of Lefton*, 160 AD2d 702 [1990]; *Gargano v V.C.&J. Constr. Corp.*, 148 AD2d 417, 418-419 [1989]).

The fifth cause of action asserted on behalf of the Gaentners also should have been dismissed to the extent that it sought dissolution of their alleged partnership with the decedent, the sale of the subject premises, which is the alleged partnership's only asset, and a distribution of the sale proceeds to the partners in equal shares. Assuming that a partnership was indeed created by verbal agreement, the decedent's death dissolved the partnership by operation of law prior to the commencement of this action (*see* Partnership Law § 62 [4]). Moreover, the Gaentners may not maintain claims for the sale of partnership assets and the distribution of sale proceeds until an accounting has been completed (*see 1056 Sherman Ave. Assoc. v Guyco Constr. Corp.*, 261 AD2d 519 [1999]; *Wynne v Gruber*, 237 AD2d 284 [1997]; *Goodwin v MAC Resources*, 149 AD2d 666 [1989]). However, that portion of the fifth cause of action which seeks an accounting may be maintained (*see* Partnership Law § 74).

The plaintiffs established their entitlement to a preliminary injunction enjoining the defendant from disposing of or encumbering the ownership and equity interest she has in the subject premises, and to stay the District Court eviction proceeding (*see generally Doe v Axelrod*, 73 NY2d 748 [1988]; *W.T. Grant Co. v Srogi*, 52 NY2d 496 [1981]). However, since CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to give an undertaking (*see Hightower v Reid*, 5 AD3d 440 [2004]; *Livas v Mitzner*, 303 AD2d 381 [2003]), we remit this matter to the Supreme Court, Suffolk County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

We further note that although the defendant challenges the Supreme Court's decision to exercise and retain jurisdiction over this action, the Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate (*see* NY Const, art VI, § 12 [f]; *Zeglen v Zeglen*, 150 AD2d 924 [1989]; *Matter of O'Hara*, 85 AD2d 669 [1981]).

Moreover, as a general rule, "in courts of concurrent jurisdiction of a particular subject matter the court first assuming jurisdiction should retain the action" (*Zeglen v Zeglen, supra* at 925; *see Burmax Co. v B&S Indus.*, 135 AD2d 599 [1987]). While we recognize that litigation involving the property and funds of a decedent's estate should be conducted in the Surrogate's Court wherever possible (*see Zeglen v Zeglen, supra; Burmax Co. v B&S Indus., supra; McCoy v Bankers Fed. Sav. & Loan Assn.*, 131 AD2d 646 [1987]; *Hollander v Hollander*, 42 AD2d 701 [1973]), we note that no application was made in Supreme Court for the transfer of this action to the Surrogate's Court.

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.