■ JUDITH CIPO, Appellant, v JOHN VAN BLERKOM, Respondent. [813 NYS2d 532]—

In an action, inter alia, to set aside amendments to an inter vivos trust, the plaintiff appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated September 9, 2005, which granted the defendant's motion pursuant to CPLR 325 (e) to transfer this action to the Surrogate's Court, Queens County.

Ordered that the order is affirmed, with costs.

The Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate (*see Gaentner v Benkovich,* 18 AD3d 424, 428 [2005]). However, "[w]herever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court" (*Nichols v Kruger,* 113 AD2d 878, 878-879 [1985], *quoting Hollander v Hollander,* 42 AD2d 701 [1973]; *cf. Gaentner v Benkovich, supra*). Here, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 325 (e) to transfer the present action to the Surrogate's Court because the wrongs alleged by the plaintiff concern the distribution of a decedent's estate (*see*

*Nichols v Kruger, supra; cf. Gaentner v Benkovich, supra).* More-over, the Surrogate's Court has jurisdiction over this matter because it affects a lifetime trust (*see* SCPA 209 [6]; *see generally Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.,* 83 NY2d 240, 244 [1994], *cert denied* 513 US 811 [1994]; *Ragucci v Professional Constr. Servs.,* 25 AD3d 43 [2005]; *Matter of Elgut v County of Suffolk,* 1 AD3d 512, 513 [2003]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.