■ GLORIA A. GOODWIN, as Preliminary Executor of THOMAS C. RICE, Deceased, Appellant, v THOMAS L. RICE et al., Respondents. [913 NYS2d 692]—

In an action to recover damages, inter alia, for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated September 16, 2009, which denied her motion for summary judgment on the first cause of action to recover damages for breach of contract against the defendant Thomas L. Rice and granted the defendants' cross motion pursuant to CPLR 325 (e) to transfer the action to the Surrogate's Court, Nassau County.

Ordered that the order is affirmed, with costs.

The plaintiff's submissions in support of her motion established her prima facie entitlement to judgment as a matter of law on the first cause of action to recover damages for breach of contract against the defendant Thomas L. Rice (hereinafter the individual defendant). However, in opposition, the defendants raised triable issues of fact as to whether the individual defendant breached the provision in a December 1986 general partnership agreement setting forth a formula to calculate the price for which he could purchase a 75% share of the partnership of the decedent Thomas C. Rice (hereinafter the decedent) or whether, in a January 2002 agreement, the decedent intended to waive his right to receive such purchase price from the individual defendant (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the first cause of action to recover damages for breach of contract against the individual defendant.

The Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate (*see Cipo v Van Blerkom*, 28 AD3d 602 [2006]; *Gaentner v Benkovich*, 18 AD3d 424, 428 [2005]). "However, ' [w]herever

possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court' " (*Cipo v Van Blerkom*, 28 AD3d at 602, quoting *Nichols v Kruger*, 113 AD2d 878, 878-879 [1985]; *see Hollander v Hollander*, 42 AD2d 701 [1973]; *cf. Gaentner v Benkovich*, 18 AD3d at 428). The Supreme Court, upon motion, may transfer an action to the Surrogate's Court "[w]here an action pending in the supreme court affects the administration of a decedent's estate which is within the jurisdiction of the surrogate's court" (CPLR 325 [e]; *see* NY Const, art VI, § 12 [f]; § 19 [a]). The plaintiff commenced this action in her capacity as preliminary executor of the decedent's estate, and seeks to recover in this action, inter alia, funds the defendants allegedly owe to the estate. As such, determination of this action "affects the administration of the decedent's estate" (*see* CPLR 325 [e]; *Cipo v Van Blerkom*, 28 AD3d at 602; *Birnbaum v Central Trust Co.*, 156 AD2d 309, 310 [1989]; *Burmax Co. v B & S Indus.*, 135 AD2d 599, 601-602 [1987]; *Nichols v Kruger*, 113 AD2d 878 [1985]; *Hollander v Hollander*, 42 AD2d at 701). Moreover, transfer to the Surrogate's Court will "foster judicial economy and lead to an expedited settlement of the [decedent's] estate," as a separate action involving the estate is ongoing in Surrogate's Court (*Burmax Co. v B & S Indus.*, 135 AD2d at 601-602; *see Birnbaum v Central Trust Co.*, 156 AD2d at 310). Accordingly, the Supreme Court properly exercised its power under article VI, section 19 (a) of the New York State Constitution to grant the defendants' cross motion pursuant to CPLR 325 (e) to transfer this action to the Surrogate's Court, Nassau County (*see Benjamin v Morgan Guar. Trust Co. of N.Y.*, 173 AD2d 373, 374 [1991]; *Peekskill Community Hosp. v Sayres*, 88 AD2d 657 [1982]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.