SARA DONNA JUNE JOFFE et al., Appellants, v SUSAN WIDELITZ et al., Respondents. [19 NYS3d 904]—

In an action, inter alia, to recover damages for breach of an escrow agreement, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 3, 2013, which granted the defendants' motion pursuant to CPLR 325 (e) to remove this action to the Surrogate's Court, New York County.

Ordered that the order is affirmed, with costs.

The Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate (*see Goodwin v Rice*, 79 AD3d 699, 699-700 [2010]; *Cipo v Van Blerkom*, 28 AD3d 602 [2006]; *Gaentner v Benkovich*, 18 AD3d 424, 428 [2005]). "However, '[w]herever possible, all litigation

involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court' " (*Cipo v Van Blerkom,* 28 AD3d at 602, quoting *Nichols v Kruger,* 113 AD2d 878, 878-879 [1985]; *see Hollander v Hollander,* 42 AD2d 701 [1973]; *cf. Gaentner v Benkovich,* 18 AD3d at 428). In this action, the plaintiffs seek to recover funds of an estate. As such, determination of this action "affects the administration of a decedent's estate" (CPLR 325 [e]; *see Cipo v Van Blerkom,* 28 AD3d at 602; *Birnbaum v Central Trust Co.,* 156 AD2d 309, 310 [1989]; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 601-602 [1987]; *Nichols v Kruger,* 113 AD2d 878 [1985]; *Hollander v Hollander,* 42 AD2d at 701). Accordingly, the Supreme Court properly exercised its power under article VI, § 19 (a) of the New York Constitution to grant the defendants' motion pursuant to CPLR 325 (e) to remove this action to the Surrogate's Court, New York County (*see Benjamin v Morgan Guar. Trust Co. of N.Y.,* 173 AD2d 373, 374 [1991]; *Peekskill Community Hosp. v Sayres,* 88 AD2d 657 [1982]). Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.