Bank of N.Y. Mellon v Barkan (2021 NY Slip Op 00143)





Bank of N.Y. Mellon v Barkan


2021 NY Slip Op 00143


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-08562
 (Index No. 67741/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Steve Barkan, etc., et al., appellants, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellants.
Locke Lord LLP, New York, NY (Joseph N. Froehlich and Andrew Braunstein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steve Barkan and Janice Barkan appeal from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated May 29, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, as the successor in interest to the holder of a certain note and mortgage, commenced this action against, among others, the defendants Steve Barkan and Janice Barkan (hereinafter together the defendants) to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion. In an order dated May 29, 2018, the Supreme Court granted those branches of the plaintiff's motion. In the order appealed from, also dated May 29, 2018, the court, among other things, granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.
Contrary to the defendants' contention, the plaintiff demonstrated, prima facie, that it strictly complied with RPAPL 1304 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827). In opposition, the defendants failed to raise a triable issue of fact as to the plaintiff's compliance with RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Skluth, 177 AD3d 592, 594).
Moreover, the defendants waived the defense of lack of capacity by failing to raise it in their answer or in a pre-answer motion to dismiss (see Bicounty Brokerage Corp. v Burlington Ins. Co., 88 AD3d 833, 834; Complete Mgt., Inc. v Rubenstein, 74 AD3d 722, 723).
Contrary to the defendants' further contention, the plaintiff demonstrated, prima facie, that it had standing to commence the action. Where, as here, the plaintiff's standing is placed in [*2]issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A plaintiff establishes its standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Deutsche Bank Natl. Trust Co. v Weiss, 133 AD3d 704, 705). "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152).
Here, the plaintiff submitted, inter alia, a copy of the complaint, attached to which was a copy of the note with an allonge containing a specific endorsement by the original lender to the plaintiff's predecessor in interest. Contrary to the defendants' contention, the plaintiff was not required to submit additional evidence to demonstrate how or when physical possession of the note occurred. Indeed, "where the note is affixed to the complaint, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 863 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Inasmuch as the defendants' various challenges to the plaintiff's supporting affidavits all related to this aspect of the plaintiff's prima facie case, they failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing.
In light of the foregoing, the order should be affirmed insofar as appealed from.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court