Rodriguez v Rodriguez (2024 NY Slip Op 04090)

Rodriguez v Rodriguez

2024 NY Slip Op 04090

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-02442
 (Index No. 515159/17)

[*1]William Rafael Rodriguez, etc., appellant,
v
Rafael Rodriguez, Jr., et al., defendants.

William Rafael Rodriguez, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, for an accounting and to recover damages for conversion, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 11, 2021. The order, among other things, denied those branches of the plaintiff's motion which were to vacate so much of an order of the same court dated April 3, 2019, as denied those branches of the plaintiff's prior motion which were to convert the action to a proceeding pursuant to SCPA 2103 for discovery and turnover of certain funds and to transfer the action to the Surrogate's Court, Kings County, and, in effect, sua sponte, directed dismissal of the complaint for lack of capacity to sue, and thereupon, to grant those branches of the plaintiff's prior motion.
ORDERED that the order dated February 11, 2021, is modified, on the law, (1) by deleting the provision thereof denying those branches of the plaintiff's motion which were to vacate so much of the order dated April 3, 2019, as denied that branch of the plaintiff's prior motion which was to transfer the action to the Surrogate's Court, Kings County, and, in effect, sua sponte, directed dismissal of the complaint for lack of capacity to sue, and thereupon, to grant that branch of the plaintiff's prior motion which was to transfer the action to the Surrogate's Court, Kings County, and substituting therefor a provision granting those branches of the plaintiff's motion, and (2) adding a provision thereto providing that the denial of that branch of the plaintiff's prior motion which was to convert the action to a proceeding pursuant to SCPA 2103 for discovery and turnover of certain funds, is without prejudice to renewal in the Surrogate's Court, Kings County; as so modified, the order dated February 11, 2021, is affirmed insofar as appealed from, without costs or disbursements.
In August 2017, the plaintiff commenced this action against the defendant Rafael Rodriguez, Jr. (hereinafter the defendant), among others, seeking, inter alia, the turnover of funds from the 2014 sale of real property formerly owned by the parties' father, Rafael Rodriguez, Sr. (hereinafter the decedent). The plaintiff alleged, among other things, that prior to and after the decedent's death in 2016, the defendant converted the funds. The defendant did not appear or answer the complaint. In February 2018, the Surrogate's Court, Kings County, granted the plaintiff limited letters of administration authorizing him to commence turnover proceedings pursuant to SCPA 2103 and 2104.
The plaintiff subsequently moved in the Supreme Court, inter alia, to convert this action to a proceeding pursuant to SCPA 2103 for discovery and turnover of funds allegedly belonging to the estate, and to transfer the action to the Surrogate's Court, Kings County. By order [*2]dated April 3, 2019, the Supreme Court, among other things, denied those branches of the motion and, in effect, sua sponte directed dismissal of the complaint on the ground that the plaintiff lacked capacity to sue.
The plaintiff thereafter moved, inter alia, to vacate so much of the April 3, 2019 order as denied those branches of his prior motion which were to convert the action to a turnover proceeding and to transfer the action to the Surrogate's Court, Kings County, and, sua sponte, directed dismissal of the complaint, and upon such vacatur, to grant the aforementioned branches of his prior motion. The Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
It was error for the Supreme Court to, in effect, sua sponte, direct dismissal of the complaint for lack of capacity to sue. The defense of lack of capacity is waived if not raised in an answer or in a pre-answer motion to dismiss (see Rimberg v Horowitz, 206 AD3d 832, 834; Bank of N.Y. Mellon v Barkan, 190 AD3d 676, 677; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 243), and "it was inappropriate for the court to raise that affirmative defense sua sponte" (Wells Fargo Bank, N.A. v Halberstam, 166 AD3d 710, 711; see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 243-244). Accordingly, the court should have granted that branch of the plaintiff's motion which was to vacate so much of the April 3, 2019 order as, in effect, sua sponte, directed dismissal of the complaint.
"The Supreme Court and the Surrogate's Court have concurrent jurisdiction over the administration of a decedent's estate" (Joffe v Widelitz, 134 AD3d 766, 766; see Goodwin v Rice, 79 AD3d 699, 699). "However, wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court" (Joffe v Widelitz, 134 AD3d at 766-767 [alterations and internal quotation marks omitted]; see Goodwin v Rice, 79 AD3d at 700). Since the present action involves the property and funds of the decedent's estate, the Supreme Court should have granted that branch of the plaintiff's prior motion which sought to transfer the action to the Surrogate's Court, Kings County (see Ahders v Ahders, 176 AD2d 230, 230; Joffe v Widelitz, 134 AD3d at 766-767; Goodwin v Rice, 79 AD3d at 700). Concomitantly, the Supreme Court should have denied that branch of the plaintiff's motion which was to convert the action to a proceeding pursuant to SCPA 2103, without prejudice to renewal in the Surrogate's Court, Kings County.
The plaintiff's remaining contentions are without merit.
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court