■ In the Matter of the Estate of IRVING D. WALLACH,

Deceased. DURAMARK, INC., Intervenor-Appellant; NATIONAL BANK OF NORTH AMERICA, Respondent.—In an executor's accounting proceeding pursuant to SCPA article 22, the appeal, as limited by the appellant's brief, is from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated April 22, 1985, as upon reargument of its motion for leave to intervene in the proceeding by filing objections to the accounting, adhered to the original determination denying the motion.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellant.

The record indicates that the grounds raised by the proposed intervenor, Duramark, Inc., in its motion to intervene in the instant accounting proceeding commenced by the respondent National Bank of North America (hereinafter NBNA), are the same as those already raised by Duramark, Inc., against NBNA in several pending actions in the Supreme Court, Nassau County.

It is a settled principle of law that where two courts have equal and concurrent jurisdiction, the first to assume jurisdiction should retain it to the exclusion of the other *(see, Colson v Pelgram,* 259 NY 370, 375; *Garlock v Vandevort,* 128 NY 374, 379; *Schuehle v Reiman,* 86 NY 270, 273). Accordingly, upon determining the existence and similar nature of Duramark's claims against NBNA pending in the Supreme Court, Nassau County, the Surrogate properly denied the motion.

Additionally, inasmuch as Duramark's status vis-à-vis the decedent's estate is not one encompassed by SCPA 2210, we are of the opinion that it is not a proper party before the Surrogate in this accounting *(see, Matter of Lainez,* 79 AD2d 78, 80, *affd* 55 NY2d 657; *cf., National Bank v Duramark, Inc.,* 97 AD2d 816).

We have considered the other contentions raised by the proposed intervenor and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.