■ DOROTHY McCOY, Appellant-Respondent, v BANKERS FEDERAL SAVINGS & LOAN ASSOCIATION et al., Respondents, and MANUFACTURERS HANOVER TRUST COMPANY, Respondent-Appellant, et al., Defendants.—In an action to recover damages for the wrongful release of funds from the plaintiff's decedent's accounts by the defendant banks, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Golden, J.), dated February 21, 1986, as granted the motions of the defendant Bankers Federal Savings & Loan Association (hereinafter BFSLA) and American Savings Bank (hereinafter ASB) for summary judgment dismissing the complaint insofar as it is asserted against them, and the defendant Manufacturers Hanover Trust Co. (hereinafter MHT) cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was to strike its third affirmative defense, asserting estoppel.

Ordered that the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

Prior to his death in his eighties, in November of 1983, Melbert Luther Flash, the decedent herein, maintained a joint savings account with Madie Bragg, who was his landlady, housekeeper and nurse since July of 1981. Mr. Flash was hospitalized in May of 1983, returning to Ms. Bragg's care "in

a substantially weakened condition". The plaintiff, who is the executrix of Mr. Flash's estate, maintains that in July 1983, Ms. Bragg "wrongfully, and by fraud, deceit, duress and undo *[sic]* influence", gained access to Mr. Flash's safe-deposit box maintained at a branch of the defendant MHT, and removed therefrom several passbooks for accounts maintained at the other defendant banks, the deposits in which totaled nearly $200,000.

Ms. Bragg thereafter effectuated the transfer of these funds from the various defendant banks to a joint account at MHT, by presenting, through MHT, collection drafts allegedly signed by Mr. Flash and accompanied by the respective passbooks. By the time of Mr. Flash's death four months later, substantial sums had been withdrawn from this account.

In April 1984, the plaintiff brought a supplemental petition in the Surrogate's Court, Kings County, to discover and recover assets allegedly owing to the estate. She claimed that Ms. Bragg had possession and control of certain property, including the deposits in two MHT bank accounts jointly held with Mr. Flash, which allegedly belonged to the estate, and that Ms. Bragg had dissipated the decedent's funds through these accounts.

On July 18, 1984, a stipulation of settlement of the estate's claim was entered into and placed on the record in open court in the Surrogate's Court, Kings County. Pursuant to this stipulation, Ms. Bragg agreed to turn over to the estate, *inter alia,* the balances standing to the credit of the two joint MHT accounts, and an MHT checking account solely in Ms. Bragg's name, totaling approximately $70,000, which were being held by MHT pursuant to a restraining order previously issued by the Surrogate. It was further agreed "that all receipts and releases will be executed by all parties hereto upon proper requests expeditiously and without charge".

By complaint dated October 10, 1984, the plaintiff commenced the instant action in the Supreme Court, Kings County, against the various banks for their participation in the transfer of funds to MHT. The complaint alleged that the collection drafts presented to each defendant bank by MHT were forgeries and that, accordingly, the banks were liable to the estate for the amounts not recovered from Ms. Bragg. The complaint further alleged, with respect to the defendant MHT, that it "wilfully, negligently and with reckless disregard of the rights of the Decedent" warranted the forged and unauthorized signature of the decedent on the collection drafts.

The various banks thereafter interposed answers containing, *inter alia,* the affirmative defense that the plaintiff is estopped from bringing this action because she settled all of the estate's claims in the stipulation entered into before the Surrogate in the discovery proceeding.

The plaintiff thereafter moved, *inter alia,* for an order dismissing the banks' affirmative defenses of estoppel. MHT cross-moved for an order transferring the action to the Surrogate's Court and opposed the motion to strike its third affirmative defense alleging estoppel, asserting that triable issues of fact existed. In support of this latter claim, MHT submitted three affidavits, executed by individuals who were present during the entry of the stipulation before the Surrogate, attesting that, in an off-the-record discussion with the Surrogate, counsel for the estate represented that "this was a complete settlement of the estate's claims and that all of the estate's claims would be satisfied by the settlement".

The defendants BFSLA and ASB cross-moved for summary judgment dismissing the complaint, asserting, *inter alia,* that its actions were not, as a matter of law, a cause of the injury to the estate.

The plaintiff responded with sworn statements by two individuals attesting to the fact that the stipulation was merely intended to settle the claims against Ms. Bragg and not the defendant banks. The plaintiff did not object to the transfer of the action to the Surrogate's Court.

In an order dated February 21, 1986, *inter alia,* MHT's third affirmative defense was dismissed, the complaint was dismissed as against BFSLA and ASB, and the matter was transferred to the Surrogate's Court, Kings County.

On appeal, MHT maintains that the Supreme Court's failure to defer to the Surrogate's Court in addressing the parties' claims on the merits constituted an abuse of discretion. It further argues that the court erroneously dismissed its defense of estoppel. We disagree.

While the Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedent's estates (NY Const art VI; *Matter of O'Hara,* 85 AD2d 669, 670), it is the general rule that "[w]herever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court" *(Peekskill Community Hosp. v Sayers,* 88 AD2d 657, *appeal dismissed* 58 NY2d 601; *Hollander v Hollander,* 42 AD2d 701). Thus, "the Supreme Court ordinarily refrains from exercising the concurrent juris-

diction where all the relief requested may be obtained in the Surrogate's Court and where the Surrogate's Court has already acted" *(Dunham v Dunham,* 40 AD2d 912, 913).

The Supreme Court properly exercised its jurisdiction over the matter prior to its transfer to the Surrogate's Court since the action involved issues wholly distinct from those raised in the completed discovery proceeding and the parties had extensively addressed the various issues raised before it, thus making it judicially economical to render a substantive determination.

MHT's affirmative defense of estoppel was properly dismissed. The stipulation of settlement entered into in the discovery proceeding may not be construed as affecting the estate's rights with respect to its claims against the defendant banks nor may the intent of the stipulation, which is, on its face, wholly unambiguous, be altered by reference to the affidavits submitted by MHT.

With respect to the defendants BFSLA and ASB, we conclude that the complaint as against them was properly dismissed since their actions in honoring the allegedly forged collection drafts, the signatures upon which were warranted by MHT *(see,* UCC 3-417), were not a proximate cause of the injury to the estate. BFSLA and ASB honored the collection drafts by transferring the funds from the decedent's accounts maintained at their respective institutions to MHT for Mr. Flash. They neither authorized nor directed the deposit of these funds into the joint account; indeed, this was done at either MHT's or Ms. Bragg's behest. BFSLA and ASB had control over neither the disposition of the funds nor the subsequent manipulations of Mr. Flash's MHT account, which resulted in the plaintiff's injury. Thus, any injury sustained by the estate is not recoverable from BFSLA and ASB *(see, Davis Aircraft Prods. Co. v Bankers Trust Co.,* 36 AD2d 705). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.