■ OLGA ZEGLEN, Respondent, v SIGMUND ZEGLEN et al., Appellants.—Mikoll, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered August 22, 1988 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff seeks partition of property inherited in 1982 by her late husband, Alexander J. Zeglen, and defendants Sigmund Zeglen and Loretta Minkiewicz from their mother, Ludwika Zeglen, upon the latter's death in 1982. Plaintiff inherited her husband's estate when he died in 1984. On December 27, 1982,

letters testamentary in the estate of Ludwika Zeglen were issued in Surrogate's Court. Since attempts to reach an agreement as to the disposition of the property failed, plaintiff commenced this action for partition in Supreme Court. Supreme Court granted plaintiff's motion for summary judgment, finding that plaintiff is seized in fee simple absolute of an equal, undivided one-third interest in the premises as tenant in common with Zeglen and Minkiewicz, and ordered the property sold. The court ordered the appointment of a Referee to conduct the sale and to hold the proceeds, subject to the further order of the court, to be distributed by the final judgment of the court which would provide for the respective interests of the parties.

Defendants contend that the prior proceeding in Surrogate's Court foreclosed the relief granted by Supreme Court. Although letters testamentary were issued some three years prior to the commencement of this action in Supreme Court, defendants sought sale of the realty subsequent to the partition action. Supreme Court and Surrogate's Court have concurrent jurisdiction over the administration of decedent's estate (NY Const, art VI, § 12 [f]; *Matter of O'Hara,* 85 AD2d 669). It is judicially wise and economically beneficial if litigation involving a decedent's property and funds can be disposed of in Surrogate's Court *(see, Hollander v Hollander,* 42 AD2d 701). While it would have been preferable to have had the instant matter transferred to Surrogate's Court where a petition for the sale thereof was initiated shortly after the Supreme Court action but before the grant of judgment *(see, McCoy v Bankers Fed. Sav. & Loan Assn.,* 131 AD2d 646, 648), we have before us a fait accompli. Since Supreme Court's action was within its power and in conformity with the general court rule that in courts of concurrent jurisdiction of a particular subject matter the court first assuming jurisdiction should retain the action *(Brandt v Stowe,* 20 Misc 2d 856, 858), we decline to nullify Supreme Court's action. Further, Supreme Court has the power to grant full relief to defendants should it ultimately appear that the proceeds from the sale may be necessary to pay the expenses of the estate.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.