■ JAMES E. TREMBLAY et al., Appellants, v ROBERT E. THEISS, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Ford, J.), entered June 29, 1988 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

On August 18, 1985, plaintiffs entered into a contract with defendant for the construction of a house in the Town of Greenfield, Saratoga County. Plaintiffs agreed to pay $141,000 in installments as follows: $15,000 as a downpayment, $42,000 upon completion of the roof, $42,000 "when electrical & plumbing roughed in, sheetrock installed", and $42,000 as a final payment. Defendant commenced construction but, in late November 1985, plaintiff James E. Tremblay informed defendant that he was out of work and would be unable to make any further payments under the contract. Defendant terminated construction of the house. As plaintiffs still owed money to defendant for construction already completed, the parties negotiated a new payment scheme to replace that set forth in the construction contract. On January 7, 1986, plaintiffs executed a note and mortgage in favor of defendant which provided for the payment to defendant of $33,000 in monthly installments of $363.35 in satisfaction of money due for construction completed, with a lien on the property on which the house was partially constructed as security. The parties also executed a general mutual release which provided: "this Release is given for any and all construction and payments in connection with construction relating to the Town of Greenfield property of Tremblay. *This includes any and all claims as to materials, workmanship and payments for same"* (emphasis supplied).

When the roof of the incomplete house collapsed in March 1986, plaintiffs commenced this action alleging causes of action for breach of contract, breach of express and implied warranties of habitability and workmanlike construction, and negligence. After joinder of issue, defendant moved for summary judgment dismissing the complaint based on the release executed by the parties. Supreme Court granted the motion. This appeal by plaintiffs ensued.

The scope of a release depends on the intentions of the parties as determined by the language employed if clear *(see, e.g., Wells v Shearson Lehman/American Express,* 72 NY2d 11, 23).* Since the subject release unmistakably recites the parties' intent that each is to be absolved from their respective obligations under the August 1985 construction contract, defendant's motion for summary judgment was properly granted to the extent that it dismissed plaintiffs' first cause of action premised on breach of the August 1985 contract. Similarly, plaintiffs' second cause of action based on express warranties and the implied warranty of habitability was properly dismissed since it derives from the August 1985 contractual relationship *(see, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52).

We reach a like result as to plaintiffs' third cause of action based on negligence. Contracts which exculpate a party from the consequences of his own negligence will be subject to close judicial scrutiny and, "unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for his own negligent acts" *(Gross v Sweet,* 49 NY2d 102, 107). Here, the release contains the phrase, "This includes any and all claims as to materials, workmanship and payments for same." Such language, specifically the reference to "workmanship", unmistakably and unambiguously sets forth the intention of the parties that plaintiffs intended to release defendant from the consequences of his negligence. While there is authority to avoid the consequence of a general release with respect to uncontemplated transactions despite the generality of the language of the release *(see, Cahill v Regan,* 5 NY2d 292, 299), an unreformed general release will be given its full literal effect where it is evident that the purpose is to achieve a truly general settlement *(Mangini v McClurg,* 24 NY2d 556, 562). In this case, the intent of the parties to dispose of any and all claims, both known and unknown, is clear not only from the broad and unambiguous language of the release, but also from the testimony of James Tremblay at his examination before trial when he responded affirmatively to the question concern-

ing whether it was his understanding that defendant would not be required to perform any additional work and that he would not have to pay him any additional money beyond what was required by the note and mortgage signed by the parties on January 7, 1986 *(see,* 19 NY Jur 2d, Compromise, Accord, and Release, §§ 85-86).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.