■ MARK J. THAILER, Appellant, v RICHARD LAROCCA et al., Defendants and Third-Party Plaintiffs-Respondents. BANK OF

NEW YORK, Third-Party Defendant-Respondent.—In an action to recover damages for, *inter alia,* defamation, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Burstein, J.), entered April 3, 1989, as, upon granting the motion of the third-party defendant Bank of New York for summary judgment dismissing the third-party complaint, searched the record and dismissed his complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs to the third-party defendant-respondent.

The plaintiff commenced this action against his former employer, Metro Marketing, Inc., and its president Richard LaRocca, alleging that LaRocca made false statements about his job performance in response to an inquiry by his new employer, the Bank of New York. Metro Marketing, Inc., and LaRocca (hereinafter collectively referred to as "Metro") then commenced a third-party action against the bank for indemnification and contribution, claiming that the bank had falsely represented that the communication with respect to the plaintiff's job performance would be kept confidential. On the bank's motion for summary judgment dismissing the third-party complaint, the court searched the record and determined that a release signed by the plaintiff might bar his action. The court adjourned the motion to afford all parties an opportunity to address this issue. Following the submission of memoranda by the parties, the court found that the release signed by the plaintiff barred his claims and dismissed the plaintiff's complaint as well as the third-party complaint.

The plaintiff contends on appeal that the court erred in *sua sponte* raising the issue of the release, as this defense was not pleaded by Metro. Permission to amend pleadings should be freely given absent prejudice to the other side *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; CPLR 3025 [b]), and pleadings may be conformed to the proof at any time *(see,* CPLR 3025 [c]). In response to the court's decision, Metro submitted a memorandum in which it argued that the release barred the plaintiff's claims. The plaintiff addressed this issue on the merits and failed to raise any claim of prejudice. Moreover, we note that Metro raised as an affirmative defense that the statements to the bank were privileged and that the plaintiff "consented to such privilege". Therefore, the plaintiff cannot claim surprise that Metro would attempt to avoid liability by relying on his signed consent to the release of information to the bank.

Turning to the merits, we find that the court properly found that the release signed by the plaintiff barred recovery on his claims. The plaintiff signed a "request for employment verification" when he applied for employment at the bank which included the following "release statement": "I authorize you to release to the Bank of New York the information requested on the reverse side of this form. I hereby agree to release your company, its officers, directors and employees from liability for any claim arising at any time as a result of its compliance with this request".

The general rule is that "a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties" (Appel v Ford Motor Co., 111 AD2d 731, 732). The plaintiff contends on appeal that the release is ambiguous because he did not intend to release Metro from liability for communicating statements which were allegedly false. Where, as here, the language with respect to the parties' intent is clear and unambiguous, it will be given effect, regardless of one party's claim that he intended something else (see, Tremblay v Theiss, 152 AD2d 793; LeMay v Keeney, Inc., 124 AD2d 1026). No evidence was offered that the plaintiff communicated this intent when he signed the release, and "[u]ncommunicated subjective intent alone cannot create an issue of fact where otherwise there is none" (Wells v Shearson Lehman/ American Express, 72 NY2d 11, 24). We find that the plaintiff's conclusory allegations with respect to the scope of the release were insufficient to create an issue of fact precluding summary judgment. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.