■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v OLD NORTHERN BLVD. RESTAURANT CORP. et al., Respondents. [666 NYS2d 636] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 9, 1997, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and plaintiff's motion for summary judgment for a declaration that it has no duty or obligation to defend or indemnify defendant Old Northern Blvd. Restaurant Corp., doing business as Pat O'Brien's, in an underlying personal injury action granted.

The standard general liability insurance policy issued by plaintiff insurer to defendant Old Northern Blvd. Restaurant Corp. contained an endorsement that excluded coverage for personal injury "arising from [a]ssault and battery committed by an insured, any employee of any insured, or any other person, whether committed by or at the direction of the insured." Plaintiff asserts that this endorsement relieves it of the duty to defend and indemnify its insured in the underlying action in which the plaintiff therein, Jason McLane, also a defendant in this action, seeks recovery for injuries allegedly sustained outside defendant insured's bar. According to McLane's description of the incident, after he and his friends had been forced to leave the bar, one of the bouncers overheard a

comment McLane made to one of his friends and "started towards me. I started backing up from the doorway away from this bouncer, when Kyle [one of McLane's friends] tried to restrain him. The other bouncer then tried to hold back Kyle, whereupon the bouncer who was pursuing me turned on Kyle. My other two * * * friends then separated the other bouncer from Kyle. I attempted to restrain the first bouncer from behind by pulling him away from Kyle from behind. I informed the bouncer that the incident was over and that we were leaving; the bouncer said: 'OK' and we both relaxed. As I released my hold of the bouncer's back, I was suddenly struck in the left eye by this bouncer's left arm/elbow which recoiled as he pulled away. The bouncer immediately returned to the bar."

To establish a civil battery a plaintiff need only prove intentional physical contact by defendant without plaintiff's consent; the injury may be unintended, accidental or unforeseen. (*Villanueva v Comparetto*, 180 AD2d 627; *see also, Coopersmith v Gold*, 172 AD2d 982.) Even if, as defendants allege, McLane's injuries resulted from the bouncer's negligence, his affidavit makes it clear that his injuries "arose from" an assault and battery, i.e., the altercation allegedly initiated by the bouncer, which involved McLane, his friends and the bouncers. Therefore, the policy exclusion applies. (*See, Mt. Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352.) Concur—Murphy, P. J., Sullivan, Rubin, Tom and Mazzarelli, JJ.