■ MOSES-LUDINGTON HOSPITAL, INC., Appellant, v MOHAMMED ASHRUFF, Respondent. [667 NYS2d 456] —Mercure, J. Appeal

from an order of the Supreme Court (Dawson, J.), entered June 6, 1997 in Essex County, which denied plaintiff's motion for partial summary judgment.

Plaintiff and defendant* entered into a June 21, 1995 consulting agreement providing for defendant's development of software to automate plaintiff's internal operations. The work was to commence on October 1, 1995 and be performed over a period of approximately eight months, during which time the software would be custom developed, installed and fully implemented and plaintiff's personnel would be provided with in-depth training, documentation and user manuals. The contract fixed defendant's fee at $249,000 and provided for an initial payment of $26,678.57, paid at contract execution, seven consecutive monthly installments of $22,867.35, beginning on November 1, 1995, and the balance was due upon completion. On March 14, 1996, at a time when defendant had been paid approximately $145,000 but had developed, at most, 15% of the software, defendant unilaterally terminated the contract. Plaintiff then requested that defendant immediately surrender his source code and any database materials and magnetic storage developed under the contract. Defendant refused to comply except upon plaintiff's grant of a general release, a condition that was unacceptable to plaintiff. This action ensued and, following joinder of issue and some discovery, plaintiff moved for partial summary judgment on its second cause of action, which seeks damages based upon defendant's refusal to turn over the software to plaintiff following his termination of the contract. Supreme Court denied the motion and plaintiff now appeals.

The keystone of plaintiff's second cause of action is the provision of the contract that, although any items of intellectual property discovered or developed by defendant or his employees during the term of the contract shall be defendant's property, in the event of the termination, sale or acquisition of defendant's consulting business, the intellectual property developed exclusively for plaintiff shall become plaintiff's property at no additional charge. Thus, plaintiff's success on its summary judgment motion turned on the issue of whether it could be established as a matter of law that defendant had terminated or sold his consulting business. In denying plaintiff's motion for summary judgment, Supreme Court

---

\* In fact, Imagine Corporation, which was later established to be a nonentity, contracted to perform the work identified in the contract and was the entity referred to as the "consultant" throughout the contract. Based upon defendant's execution of the contract, albeit in his purported capacity as president of Imagine, he is treated as the true party in interest.

concluded that plaintiff's circumstantial evidentiary showing was successfully countered by defendant's assertion that he had not terminated his business, thereby creating a genuine issue for resolution by the trier of fact. We disagree and accordingly reverse Supreme Court's order and grant plaintiff's motion.

On the summary judgment motion, plaintiff submitted deposition testimony and documentary evidence establishing, first, that defendant induced the contract with plaintiff by making serious misrepresentations concerning the status of Imagine Corporation, its personnel and its ability to perform under the contract. Aside from the fact that the corporation did not exist, the evidence further discloses that defendant patently misrepresented its and his qualifications. Specifically, in his written proposal to plaintiff, defendant stated: "Imagine Corp. is a Technical Management Consulting and Software Engineering firm providing services to both Government and Commercial Clients. [It] specializes in the development and training of custom software * * * is a New York State registered corporation, established in 1992, compris[ed] of 4 Software Engineers, each with over 12 years of experience in Software design and development * * * [and] maintains a database of 43 software engineers, who are employed on an as needed basis."

Defendant's testimony at an examination before trial made it clear that his educational background does not justify his use of the title "software engineer". To the contrary, defendant acknowledged that his only educational attainments were a Bachelor's degree in business and a Master's degree in business administration, both obtained in India, and that his Master's degree was not recognized in this country. After coming to the United States, defendant took "a bunch of courses" at Lewis University in Illinois and at Hudson Valley Community College in Rensselaer County (qualifying him for no additional certification or degree) and received on-the-job training in connection with his employment as a Social Services Management Specialist Trainee, a Senior Social Services Management Specialist and then an EDP Systems Auditor with the State Department of Social Services. Defendant held the latter position at the time he secured the contract with plaintiff.

In addition, the record shows that at the time defendant entered into the contract with plaintiff, he had a full-time job with the State, that he had never developed any software for any customer and that Imagine had no employees. Specifically, the evidence adduced on the motion established that defendant

was continuously employed by the State Department of Social Services from 1981 to the time of his deposition, although he took a brief leave of absence from late September 1995 to January 1996 to work on the job for plaintiff, and that he had no employees prior to September 1995. Although it appears that three employees were hired at that time to work on the job for plaintiff, the record fails to disclose their qualifications. In any event, it is undisputed that their employment was terminated prior to the time that defendant terminated the contract with plaintiff. It is thus established that, as of the time of defendant's termination of his contract with plaintiff, he was a full-time employee of the State Department of Social Services, he had no employees and he was performing no software development work.

Under the circumstances, we conclude that Supreme Court's acceptance of defendant's statement "I have never terminated my business nor told anyone such" as creating a factual issue was unjustified. To the contrary, viewed as a whole, the record shows that the contract with plaintiff gave Imagine its only breath of life and, in fact, fixed the term of its existence. With all objectively observable criteria mitigating in favor of a finding that the business had been terminated, we view defendant's contrary conclusory statement of his uncommunicated subjective intent as lacking in probative value (*see, Wells v Shearson Lehman / Am. Express,* 72 NY2d 11, 24; *Thailer v La Rocca,* 174 AD2d 731, 733; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). Finally, based upon the undisputed fact that plaintiff paid defendant $145,149.92 for the software that defendant wrongfully withholds, we agree with plaintiff that damages have been established in that amount.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff is awarded partial summary judgment on its second cause of action in the amount of $145,149.92, together with interest, costs and disbursements.