■ HELGA M. RUIZ et al., Appellants, v MARGARITA T. "RUIZ" et al., Respondents. [690 NYS2d 749] —In an action, inter alia, to declare the rights of the parties in the assets of an estate, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered December 18, 1998, which denied their motion for partial summary judgment declaring that, at his death, the decedent was the sole owner of two corporations.

Ordered that the order is reversed, on the law, with costs, and the motion for partial summary judgment is granted.

It is well settled that the Supreme Court and the Surrogate's Court have concurrent jurisdiction over decedents' estates (see, NY Const art VI; *Matter of Mizrahi,* 178 AD2d 349; *Burmax Co. v B & S Indus.,* 135 AD2d 599; *McCoy v Bankers Fed. Sav. & Loan Assn.,* 131 AD2d 646). The Supreme Court ordinarily refrains from exercising its concurrent jurisdiction (see, *Matter of Mizrahi, supra*; *Weizenecker v Weizenecker,* 140 AD2d 517; *Dunham v Dunham,* 40 AD2d 912). Here, however, since the issue presented to the Supreme Court was apparently never presented to the Surrogate's Court, the Supreme Court properly continued to exercise its jurisdiction (see, EPTL 5-1.1-A [c] [4]; *H & G Operating Corp. v Linden,* 151 AD2d 898; *Burmax Co. v B & S Indus., supra*; *Matter of Wallach,* 130 AD2d 495).

Furthermore, the plaintiffs are entitled to partial summary judgment declaring that the decedent was, at his death, the sole owner of the two corporations at issue, since the defendants failed to present any evidence to refute the plaintiffs' prima facie showing in this regard (see, *Alvarez v Prospect Hosp.,* 68 NY2d 320). Upon the resolution of the remaining causes of action, a judgment should be entered declaring that at the time of his death the decedent was the sole owner of the subject corporations. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.