■ GAIL E. CAVE, Respondent, v RICHARD KOLLAR et al., Appellants. [767 NYS2d 856]—

In an action for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered December 2, 2002, which granted the plaintiff's motion for summary judgment, denied their cross motion for summary judgment, and granted the plaintiff specific performance of the contract at a purchase price of $270,000.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the defendants' answer is deemed amended to include a counterclaim for specific performance, and the cross motion is granted to the extent that the defendants may compel specific performance of the contract at a purchase price of $325,000.

The facts concerning the real estate contract underlying this appeal are set forth in a prior appeal (*see Cave v Kollar,* 296 AD2d 370 [2002]). In the prior appeal, we determined that the demand by the plaintiff purchaser in May 2001 that the defendants sellers fix a closing date was inadequate to make time of the essence. Having failed to make a sufficient demand for performance before commencement of the action, the plaintiff was not entitled to specific performance of the contract. Following determination of that appeal, the defendants and the plaintiff issued notices fixing different closing dates and declaring time to be of the essence. The issue on this appeal concerns the proper purchase price under the terms of the contract.

A contract should be read as a whole to determine its purpose and intent (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). "[I]n searching for the probable intent of the parties, lest form swallow substance, our goal must be to accord the words of the contract their 'fair and reasonable meaning' " (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 555 [1982], quoting *Heller v Pope,* 250 NY 132, 135 [1928]).

The plaintiff agreed to purchase a vacant lot and an adjoining lot improved with a two-family residence. Reading the contract as a whole, it is clear that the parties intended that the purchase price would be $325,000 if the necessary variances were obtained so that a residence could be legally constructed on the vacant lot. At the time the parties demanded performance of the contract and declared time to be of the essence, the necessary variances had been obtained. Accordingly, the purchase price under the terms of the contract is $325,000.

Although the defendants' answer did not include a counterclaim for specific performance, the issue of the parties' compet-

ing claims for specific performance was litigated in the Supreme Court, and the plaintiff did not claim any surprise or prejudice when the defendant cross-moved for summary judgment. Pursuant to CPLR 3025 (c), pleadings may be conformed to the proof at any time (see *Thailer v LaRocca*, 174 AD2d 731 [1991]). This Court may, sua sponte, relieve the defendants of their failure to amend their pleading by deeming the answer amended to conform to the evidence presented on the motion and cross motion for summary judgment in the absence of a showing of prejudice to the plaintiff (see *Thailer v LaRocca, supra, cf. Cartwright Van Lines v Barclays Bank of N.Y.*, 120 AD2d 478 [1986]; *Smirlock Realty Corp. v Title Guar. Co.*, 97 AD2d 208, 236 [1983], mod 63 NY2d 955 [1984]). Accordingly, the defendants' answer is deemed amended to include a counterclaim for specific performance, and their cross motion for summary judgment is granted to the extent that they may compel specific performance of the contract at a purchase price of $325,000. Smith, J.P., McGinity, Luciano and Townes, JJ., concur.