■ In the Matter of the Estate of GEORGE DENTON, Deceased. G. HALLETT DENTON, Respondent; ANDREW A. HYMAN et al., Appellants, et al., Respondents. [774 NYS2d 424]—

In a proceeding pursuant to SCPA 2103 to discover property allegedly withheld from an estate, Andrew A. Hyman, the Andrew A. Hyman Agency, Inc., and Denton-Hyman Agency,

Inc., appeal, as limited by their brief, from stated portions of a decree of the Surrogate's Court, Westchester County (Scarpino, S.), dated April 23, 2003, which, after a nonjury trial, inter alia, ordered them to restore and pay net profits obtained as a result of a breach of fiduciary duty and ordered them to restore and pay proceeds from the outsourcing of the business of National Pension Service, Inc., and National Pension Actuaries, Inc.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the appellants, and the petitioner's second amended petition is deemed amended to include a claim for proceeds from the outsourcing of the business of National Pension Service, Inc., and National Pension Actuaries, Inc., which was used to repay debt incurred by them prior to December 31, 2001.

The appellants challenge the jurisdiction of the Surrogate's Court over this proceeding. "[F]or the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the matter in controversy in no way affects the affairs of a decedent or the administration of his estate" (*Matter of Piccione,* 57 NY2d 278, 288 [1982] [internal quotation marks omitted]; *Matter of Young,* 80 Misc 2d 937, 939 [1975]). Since the focus of the litigation is the valuation of the subject business entities and whether the estate is entitled to any part thereof, the Surrogate's Court has jurisdiction over the dispute (*see Ruiz v Ruiz,* 262 AD2d 392 [1999]; *H & G Operating Corp. v Linden,* 151 AD2d 898 [1989]).

A determination rendered after a nonjury trial should not be disturbed on appeal unless it is clear that the court's conclusion could not have been reached under any fair interpretation of the evidence (*see Belloff v Wayco Agencies,* 280 AD2d 503 [2001]; *Alleva v Alleva Dairy,* 129 AD2d 663 [1987]). Here, the evidence presented at trial established that the appellant Andrew A. Hyman breached his fiduciary duty to the Denton-Hyman Agency, Inc., National Pension Service, Inc., and National Pension Actuaries, Inc. Accordingly, we discern no basis in the record to disturb the Surrogate's Court's credibility determination.

Although the petitioner did not include in his second amended petition a claim for proceeds from the outsourcing of the business of National Pension Service, Inc., and National Pension Actuaries, Inc., which was used to repay debt incurred by them prior to December 31, 2001, the issue was litigated in the Surrogate's Court. Pursuant to CPLR 3025 (c), pleadings may be conformed to the proof at any time upon such terms as may be just (*see Thailer v LaRocca,* 174 AD2d 731 [1991]). This Court may, sua sponte, relieve a petitioner of the failure to amend a pleading by deeming it amended to conform to the evidence pre-

sented at trial where, as here, it would not result in prejudice to the opposing party (*see Cave v Kollar,* 2 AD3d 386 [2003]; *Thailer v LaRocca, supra).* Accordingly, the second amended petition is deemed amended to include the claim for proceeds from the outsourcing of the business of National Pension Service, Inc., and National Pension Actuaries, Inc., which was used to repay debt incurred by them prior to December 31, 2001.

The appellants' remaining contentions are without merit. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.