■ LAURA ROSVOLD et al., Appellants, v ANNE ROSVOLD et al., Respondents. [814 NYS2d 875]—In an action, inter alia, for the partition and sale of certain real property pursuant to RPAPL article 9, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 30, 2004, which denied their motion for summary judgment and, sua sponte, in effect, declined to exercise its jurisdiction and dismissed the action, and (2), as limited by their brief, from so much of an order of the same court, entered March 21, 2005, as denied that branch of their motion which was for leave to reargue and, upon granting renewal, adhered to its original determination.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered September 30, 2004 as, sua sponte, in effect, declined to exercise its jurisdiction and dismissed the action is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered September 30, 2004 is affirmed; and it is further,

Ordered that the appeal from so much of the order entered March 21, 2005 as denied that branch of the appellants' motion which was for leave to reargue is dismissed on the ground that no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 21, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"While the Supreme Court and the Surrogate's Court have concurrent jurisdiction in matters involving decedent's [*sic*] estates (NY Const art VI; *Matter of O'Hara,* 85 AD2d 669, 670), it is the general rule that '[w]herever possible, all litigation involving the property and funds of a decedent's estate should

be disposed of in the Surrogate's Court' " (*McCoy v Bankers Fed. Sav. & Loan Assn.,* 131 AD2d 646, 648 [1987]; *see Peekskill Community Hosp. v Sayres,* 88 AD2d 657, 657 [1982]; *cf. Gaentner v Benkovich,* 18 AD3d 424, 427-428 [2005]; *Ruiz v "Ruiz,"* 262 AD2d 392, 393 [1999]). Here, although the Supreme Court had concurrent jurisdiction with the Surrogate's Court, the Supreme Court properly, in effect, declined to exercise its jurisdiction (*see generally Gaentner v Benkovich, supra* at 427-428; *Ruiz v "Ruiz," supra* at 393; *McCoy v Bankers Fed. Sav. & Loan Assn., supra* at 648), particularly in light of the fact that the Supreme Court had taken no action prior to denying the plaintiffs' motion for summary judgment and dismissing the action (*see H & G Operating Corp. v Linden,* 151 AD2d 898, 900-901 [1989]; *cf. Zeglen v Zeglen,* 150 AD2d 924, 925 [1989]). The Supreme Court, upon granting renewal, properly adhered to its determination in the order entered September 30, 2004 in which it, inter alia, declined to exercise jurisdiction.

In light of our determination, we do not reach the plaintiffs' remaining contentions. Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.