■ In the Matter of JOSEPH G. MAAG, JR., Appellant, v MARY BETH LICHTNEGER, Respondent. [37 NYS3d 265]—

Appeal from an order of the Family Court, Suffolk County (Martha L. Luft, J.), dated July 24, 2015. The order denied the father's objections to an order of that court (Barbara Lynaugh, S.M.) dated May 20, 2015, which granted the mother's motion to dismiss his petition for an upward modification of her child support obligation.

Ordered that the order dated July 24, 2015, is reversed, on the facts and in the exercise of discretion, with costs, the father's objections to the order dated May 20, 2015, are granted, the order dated May 20, 2015, is vacated, the father's petition is reinstated and deemed amended to include a request to modify the mother's child support obligation as set forth in an amended judgment of divorce entered April 29, 2014, and the matter is remitted to the Family Court, Suffolk County, for a determination on the merits of the father's amended petition.

In November 2013, the father commenced this proceeding to modify the mother's child support obligation, as set forth in the parties' judgment of divorce entered August 5, 2013, and stipulation of settlement dated April 25, 2013, alleging a change in circumstances in that the parties' daughter had begun exclusively residing with him. While the father's petition was pending, an amended judgment of divorce was entered on April 29, 2014, which did not alter the mother's child support obligation. Both the original judgment of divorce and the amended judgment of divorce incorporated, but did not merge, the terms of the parties' stipulation of settlement. In an order dated May 20, 2015, the Support Magistrate granted the mother's motion to dismiss the father's petition on the ground that the amended judgment of divorce had been entered and, therefore, the father's petition seeking modification of the prior judgment of divorce could not be maintained. In an order dated

July 24, 2015, the Family Court denied the father's objections to the order dated May 20, 2015.

A pleading may be amended to conform to the proof at any time, unless the amendment would prejudice the opposing party (see CPLR 3025 [c]; Matter of Denton, 6 AD3d 531, 532 [2004]). Under the particular circumstances of this case, the Family Court should have amended the father's petition so as to seek modification of the mother's child support obligation as set forth in the amended judgment of divorce entered April 29, 2014. The mother was aware of the amended judgment of divorce, which did not change her child support obligation, and she would not have been prejudiced by the amendment (cf. Cave v Kollar, 2 AD3d 386, 388 [2003]). Therefore, the Family Court should have granted the father's objections to the order dated May 20, 2015, and should have amended the petition to conform to the proof.

In light of our determination, we need not reach the father's remaining contentions.

Accordingly, we remit the matter to the Family Court, Suffolk County, for a determination on the merits of the father's amended petition. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.