Matter of Pressley (2024 NY Slip Op 24062)

[*1]

Matter of Pressley

2024 NY Slip Op 24062

Decided on March 1, 2024

Surrogate's Court, Monroe County

Ciaccio, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 1, 2024
Surrogate's Court, Monroe County

In the Matter of the Estate of David B. Pressley, Deceased.

File No. 2006-40

Ronald S. Goldman, Esq., Rochester, New York, for Petitioner Home Pride Builders and Developers
Jonathan D. Pincus, Esq., Rochester, New York, for David Thomas Pressley, individually and as Executor of the Estate of David B. Pressley, and for the Estate of David B. Pressley. 

Christopher S. Ciaccio, J.

In this proceeding to collect on a claim against estate funds, Home Pride Builders and Developers ("Home Pride") asserts that it should be reimbursed by the estate for assessments it paid against real property previously owned by the estate and which Home Pride bought at a foreclosure auction. The assessments were incurred prior to the foreclosure sale and transfer of title.
Because the estate was not in privity with Home Pride, either directly or as a third-party beneficiary, and because no other category of a claim has been asserted which would make the estate legally responsible to Home Pride for the assessed charges, the claim is dismissed.[FN1]

FACTS
The following facts are undisputed.
David B. Pressley died in 2006. His Will left his residuary property, which included real [*2]property located at 1912 North Union Street, in the Town of Parma, County of Monroe, State of New York, to his two sons, David Thomas Pressley and William Arthur Pressley. It bears emphasizing that the Will did not devise the property directly to the two sons, but rather, left the property to them as part of the residuary bequest.
Son David Thomas Pressley was issued letters testamentary by this court on January 11, 2006. The estate proceeding has never been closed, and the letters remain in full force and effect to the present.[FN2]
 Ownership of the North Union Street property was never transferred out of the estate nor was the property ever sold.
In June 2022 the County of Monroe commenced a foreclosure proceeding against the North Union Street property for non-payment of taxes. That proceeding went to judgment, which was entered on December 20, 2022, and the property was purchased at a foreclosure auction for $81,000.00 by Home Pride. A referee's deed in foreclosure transferring title was executed and filed on March 23, 2023.
After payment of outstanding liens, surplus funds in the amount of $64, 681.33 were deposited with the County of Monroe Treasury on November 28, 2023.
The notice of foreclosure and/or the terms of sale (which were read at the auction) provided that the purchaser took the property subject to "violations of record, if any, now or hereafter against the premises, and any fines, charges, or assessments arising therefrom, "and "the amount of any unpaid water, sewer, pure water, electric, natural gas, or other utility charges, as well as maintenance or demolition charges heretofore or hereafter levied, assessed or accrued against or with respect to such parcel."
After taking possession, Home Pride received bills for services that were assessed in 2022 before the foreclosure sale. The Monroe County Water Authority billed Home Pride directly for $3781.25. The Town of Parma billed for reimbursement of $325.00 it had paid to an independent contractor, T.K. Services. for "lawn mowing/trimming," for a June 21, 2022, job, and for $10, 895.00 it paid, also to T. K. Services, for "property maintenance" that had a job completion date of July 16, 2022. 
Home Pride paid the bills, which totaled $15,001.25. 
On October 2, 2023, Home Pride appeared in the Supreme Court foreclosure action, by its attorney Ronald Goldman, Esq., and claimed a right to the surplus monies from the sale of North Union Street. The "Notice" states that Home Pride suffered a loss "in the amount of "$12,959.08 for prior tax liens and a water bill" that the claimant states should have been extinguished in the foreclosure sale.
On November 14, 2023, the Pressley brothers, David Thomas and William Arthur, filed a "Notice of Claim to Surplus Monies," meaning the $64, 681.33 resulting from the sale of the North Union Street property, and on December 20, 2023, moved in Supreme Court by Notice of Motion for an Order pursuant to RPAPL 1355 for an Order directing distribution of the surplus monies. That matter is pending.
On January 11, 2024, Home Pride filed in Surrogate's Court a "Verified Claim" for $!5,001.25 against the Estate of David Pressley (file number 2006-40). 

On January 17, 2024, Home Pride followed the claim filing with a petition pursuant to SCPA 1809 and 2102(4) seeking an Order directing the executor of the estate of to show cause why Home Pride shouldn't be reimbursed for the $15,001.25 it paid to the Town of Parma for clean-up services rendered to the estate before the foreclosure sale.
The Estate filed its Answer and Objections on February 23, 2024.
Counsel for both parties subsequently filed attorney affirmations and appeared on the return date of the Order To Show Cause. Argument was heard from both parties.
DISCUSSION
Jurisdiction
It is well settled that "Supreme Court and Surrogate's Court have concurrent jurisdiction in matters involving decedents' estates" (Matter of Estate of Ryan, 212 AD3d 902, 903-04 [3d Dept 2023], appeal dismissed, 39 NY3d 1095 [2023]; McNeil v. McNeil, 205 AD3d 43, 45 [3d Dept. 2022] [internal quotation marks, ellipsis and citations omitted]; see also NY Const, art VI, § 12[d]; SCPA 201).
Generally, where a dispute is brought in both courts, jurisdiction "should continue to be exercised by [the court] whose process was first issued" (McNeil v. McNeil, 205 AD.3d at 45, [internal quotation marks and citation omitted]; see Zeglen v. Zeglen, 150 AD2d 924, 925 [3d Dept. 1989]). However, it is also true that jurisdiction should continue where "all rights can be properly determined in a single action" (Wood v. Chenango County Natl. Bank & Trust Co., 282 App.Div. 283, 286 [3d Dept. 1953] [internal quotation marks and citations omitted]).
Although Surrogate's Court has broad jurisdiction over the affairs of decedents, such "jurisdiction does not extend to independent matters involving controversies between living persons" (Matter of O'Connell, 98 AD3d 673, 674 [2d Dept. 2012] [internal quotation marks and citations omitted]).
However, unlike in Matter of Estate of Ryan, 212 AD3d 902, 903-04 (3d Dept 2023), appeal dismissed, 39 NY3d 1095 (2023), here the dispute is not one between living persons, but between the estate of David Pressley and Home Pride. Thus, Surrogate's Court is the proper venue for resolution of the claim against the Estate.
Merits of the Claim
Black's Law Dictionary, 2nd Ed., defines a claim as "1. A legal assertion; a legal demand; Taken by a person wanting compensation, payment, or reimbursement for a loss under a contract, or an injury due to negligence."
No citation is needed to justify the conclusion that the meaning of "injury due to negligence" could also be extended to include injury of any kind sustained due to any type of tortious conduct, for example, injury due to defamation, or intentional infliction of emotional distress, or breach of fiduciary duty (see Ganzi v Ganzi, 183 AD3d 433, 433, 123 NYS3d 574, 575 [1st Dept 2020])
Equally, there can be no disagreement that a "loss under a contract" would also include losses sustained due to breach of a "quasi-contract" recognizable in law, such as claims for unjust enrichment, and quantum meruit claims.
It is uncertain what type of claim Home Pride is making. It is obvious that no type of tortious conduct is involved here.
It cannot be breach of contract, as there no contractual relationship or privity of contract between Home Pride and Estate of David Pressley. "Liability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp., 64 AD3d 85, 104, 878 NYS2d 97, 111 [2d Dept 2009])
'[A]s a general rule, privity or its equivalent remains a predicate for imposing liability for nonperformance of contractual obligations (Smith v NGM Ins. Co., 221 AD3d 1450, 1452 (4th Dept 2023])
Even when parties are not in privity, an "obligation rooted in contract may [nevertheless] engender a duty owed . when the contracting party knows that the subject matter of a contract is intended for the benefit of others ... An intention to benefit a third party must be gleaned from the contract as a whole" (Smith v NGM Ins. Co., i.d.)
Here, Home Pride contracted with nobody. It simply paid a bill the Town of Parma asserted against it, probably because it had concluded, correctly, that the foreclosure sale did not extinguish the water bill and the maintenance charges. The notice of sale was explicit in stating that the sale was subject to water charges and "maintenance and demolition" charges.
An argument can be made that the contract between the Town of Parma and T.K. Services was made for the benefit of the Estate of David Pressley, thus the Estate owes the Town of Parma as third-party beneficiary of the contract with T.K. Services, however, there is no proof that T.K. knew that its contract to clean up the property was intended to benefit the Estate. (see Logan-Baldwin v L.S.M. Gen. Contractors, Inc., 94 AD3d 1466, 1468 [4th Dept 2012]). Even if it did, it wouldn't alter the fact that there was no privity of contract of any kind between Home Pride and the Estate.
In its Reply, Home Pride seems to assert a claim under a theory of unjust enrichment, although it is by no means clear. In any event, no claim for unjust enrichment exits.
"A cause of action for unjust enrichment requires a showing that (1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff' " (Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc., 108 AD3d 1181, 1183, 969 NYS2d 683, 685 [4th Dept 2013]) 'The essence of such a cause of action is that one party is in possession of money or property that rightly belongs to another' "
"Generally, courts will look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent (Paramount Film Distrib. Corp. v State, 30 NY2d 415, 421 [1972], citing Restatement, Restitution, ss 1, 142, esp. Comment B; id., s 155, including Comment B).
Here Home Pride cannot say that it is has an equitable claim on the surplus funds, in other words, no proof is offered that a portion of the surplus funds "rightfully belongs" to it. No principle of equity or "good conscience" is implicated. The Estate did not act tortiously. Home Pride did not act on a mistake of law. It paid charges due and owing that flowed from its purchase of the property. As per the notice of sale, it bought the North Union Street property subject to outstanding charges. Presumably the price it paid for the property reflected the extent of those charges.
CONCLUSION
The claim is denied and the petition to order the estate to show cause why the claim should not be paid is dismissed.
SO ORDERED
Dated: March 1, 2024
Rochester, New York
Christopher S. Ciaccio
Surrogate, Monroe County

Footnotes

Footnote 1: Although no motion to dismiss the claim has been filed, the estate filed objections to the claim, and counsel for each party filed affirmations in support of their respective party's position and were heard on the return date. Thus, the court deems the issue ripe for resolution.

Footnote 2: The claimant suggests the estate was never closed — and the property never transferred — in order to avoid paying certain debts and liens against the property. Whether that is the case is irrelevant to the issue before the court.