Matter of Dora P. (Helene P.--Susan P.) (2025 NY Slip Op 04906)

Matter of Dora P. (Helene P.--Susan P.)

2025 NY Slip Op 04906

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2023-10472
 (Index No. 850089/20)

[*1]In the Matter of Dora P. (Anonymous).
and
Helene P., appellant; Susan P., et al., respondents.

Farrell Fritz, P.C., Uniondale, NY (Frank T. Santoro of counsel), for appellant.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Helene P. appeals from an order of the Supreme Court, Nassau County (David J. Gugerty, J.), entered August 28, 2023. The order, insofar as appealed from, dismissed the motion of Helene P., inter alia, to compel the payment of an alleged gift from the guardianship estate of the incapacitated person.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On September 16, 2021, Thomas J. Manzi was appointed to serve as guardian of the person and property of Dora P. (hereinafter Dora), an incapacitated person, pursuant to Mental Hygiene Law article 81. In July 2022, Helene P. (hereinafter Helene), one of Dora's children, moved, inter alia, to compel Manzi to pay an alleged gift to her in the sum of $300,000 from the guardianship estate or, in the alternative, to direct Helene's siblings, Susan P. and Kenneth P., to return certain funds to the guardianship estate that they had allegedly received from Dora as gifts prior to Manzi's appointment. While that motion remained pending, on June 24, 2023, Dora died. In an order entered August 28, 2023, the Supreme Court, among other things, dismissed Helene's motion for lack of jurisdiction. Helene appeals, and we affirm.
"[T]he death of an incapacitated person deprives a guardian of the authority to continue representing that person and his or her property, unless the court that appointed the guardian enters an order modifying his or her authority to allow for the representation of the estate of the incapacitated person" (Matter of Rose V. [Scali], 171 AD3d 1077, 1078). Here, Manzi's authority as the guardian of Dora's property expired upon Dora's death (see Mental Hygiene Law § 81.36[a][3]; Matter of Lillian G. [Steven G.-Gary G.], 208 AD3d 877, 879; Matter of Rose V. [Scali], 171 AD3d at 1078), including his authority to pay an alleged gift to Helene from the guardianship estate (see Matter of Shannon, 25 NY3d 345, 350; Matter of Lillian G. [Steven G.-Gary G.], 208 AD3d at 879-880). Moreover, although the Supreme Court and the Surrogate's Court have concurrent jurisdiction over matters involving a decedent's estate (see Rodriguez v Rodriguez, 229 AD3d 824, 826; Goodwin v Rice, 79 AD3d 699, 699), no representative of Dora's estate was appointed. In any event, "wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court" (Rodriguez v Rodriguez, 229 AD3d at 826; Rosvold v Rosvold, 29 AD3d 669, 670).
Accordingly, under the circumstances, the Supreme Court properly dismissed Helene's motion.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court