M.P.V. v A.V.

2026 NY Slip Op 02807

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

M.P., Plaintiff-Respondent,

v

A.., Defendant-Appellant.

Decided and Entered: May 05, 2026

Index No. 300003/17|Appeal No. 6525M-1539|Case No. 2025-00571|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Robert G. Leino, New York, for appellant.

M.P.V., respondent pro se.

[*1]

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about December 23, 2024, which, to the extent appealed from as limited by the briefs, granted pro se plaintiff's motion for summary judgment on her causes of action for battery (first cause of action), assault (second cause of action), and false imprisonment (third cause of action) insofar as it sought summary judgment on liability, denied defendant's cross-motion for summary judgment dismissing any claim based on wrongful transmission of a sexually transmitted disease (STD), and ordered a trial to determine damages for personal injuries and the wrongful transmission of an STD, unanimously affirmed, without costs.

Plaintiff's evidence on her motion, including her sworn affidavit supported by numerous exhibits such as photographs of her injuries, an arrest report from the New York Unified Court System website, and her report to the Special Victims Unit of the New York Police Department, established prima facie that defendant assaulted, battered, and falsely imprisoned her (see Cadet v Ayers, 203 AD3d 539, 539 [1st Dept 2022]; Tower Ins. Co. of N.Y. v Old N. Blvd. Rest. Corp., 245 AD2d 241, 242 [1st Dept 1997]; Broughton v State, 37 NY2d 451, 456 [1975]). Defendant did not submit any evidence in opposition sufficient to raise a triable issue of fact (see CPLR 3212[b]).

In addition, although plaintiff did not specifically plead a cause of action alleging that defendant wrongfully infected her with an STD, Supreme Court properly denied defendant's cross-motion to dismiss all claims for damages based on the wrongful transmission of an STD and, upon conforming the pleadings to the proof, awarded plaintiff summary judgment as to liability on that claim (see Desideri v Brown, 184 AD2d 247, 247 [1st Dept 1992]; Cave v Kollar, 2 AD3d 386, 388 [2d Dept 2003]). Even though plaintiff did not specifically plead the claim in the complaint, she alleged the facts underlying it, and the record establishes that defendant was neither surprised nor prejudiced by plaintiff's request for damages arising from that claim. In addition, defendant did not submit any evidence in opposition sufficient to rebut plaintiff's prima facie showing that he had wrongfully transmitted an STD.

We have considered defendant's remaining arguments and find them unavailing.

M-1539 — M.P.V. v A.V.

Plaintiff's motion seeking leave to file a sur-reply or, in the alternative, striking defendant's reply brief, denied as academic.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026