■ ARTHUR S. HOFFMAN et al., as Preliminary Coexecutors of HENRY J. LEIR, Deceased, Appellants, v ROBERT SITKOFF et al., Respondents, et al., Defendants. [745 NYS2d 539]

The parties dispute the enforceability of a 1988 letter agreement in which the decedent, Henry Leir, and his wife expressed their understanding that neither of them would, without the written consent of the other, revoke or amend their reciprocal wills, dated November 13, 1987, as amended by the first codicils thereto. The Surrogate's Court does not generally have jurisdiction over the enforceability of a contract. Where though, as here, the agreement in question is inextricably connected with a contested will so that the dispute will necessarily affect the administration of the estate, removal of the action to Surrogate's Court is appropriate since the Surrogate's Court has full general jurisdiction in law and in equity with respect to all matters relating to the estates and affairs of decedents (*see,* SCPA 201 [3]; *see also, Benjamin v Morgan Guar. Trust Co. of N.Y.*, 173 AD2d 373, 374). It is appropriate to note in this connection, that although CPLR 325 (e) "does not contain mandatory language," this section "expresses a preference for removal to Surrogate's Court of all matters affecting the administration of a decedent's estate" (*Carmel v Shor*, 250 AD2d 475, 476). Concur—Tom, J.P., Sullivan, Wallach and Friedman, JJ.