Chenkin v Public Adm'r of N.Y. County (2018 NY Slip Op 04953)





Chenkin v Public Adm'r of N.Y. County


2018 NY Slip Op 04953


Decided on July 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2018

Sweeny, J.P., Webber, Kern, Oing, JJ.


1593B/15 7039 7038

[*1]Michael Chenkin, Plaintiff-Appellant,
v
The Public Administrator of New York County, etc., Defendant-Respondent.


Julie Hyman, P.C., Bronx (Julie Hyman of counsel), for appellant.
Schram Graber & Opell P.C., New York (Allison E. Dolzoni of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about January 22, 2018, which dismissed the complaint, unanimously affirmed, without costs. Appeal from underlying decision, same court and Surrogate, dated October 13, 2017, unanimously dismissed, without costs, as taken from a nonappealable paper.
Initially, we find that the Surrogate properly exercised jurisdiction over this matter, since it relates to a decedent's estate (see SCPA 201[3]; Hoffman v Sitkoff, 297 AD2d 205, 205 [1st Dept 2002]). In fact, plaintiff asserted a claim against the estate of his former wife (the decedent) in the Surrogate's Court pursuant to SCPA 1810, and, at the time this action was commenced, the Surrogate had already presided over the administration proceeding, and defendant had filed an accounting naming plaintiff as an interested party. Under the circumstances, this action, originally filed in Supreme Court, was properly removed to the Surrogate's Court (see Cipo v Van Blerkom, 28 AD3d 602, 602 [2d Dept 2006]).
The complaint was correctly dismissed for failure to state a cognizable claim (CPLR 3211[a][7]); see generally Braddock v Braddock, 60 AD3d 84, 86 [1st Dept 2009]) and because the plain terms of the stipulation refute plaintiff's allegations and conclusively provide a defense as a matter of law (CPLR 3211[a][1]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
Plaintiff seeks the return of a lump sum payment that he made to "the Wife" (now the decedent) as her share of equitable distribution under a stipulation of settlement that was later incorporated into a judgment of divorce. The stipulation directed plaintiff to deposit the lump sum payment in the Wife's attorney's escrow account until a trust or annuity was established for her benefit, but the Wife died intestate before any such trust or annuity was created.
Contrary to his contention, plaintiff did not retain a reversionary interest in the lump sum payment. The stipulation, which encompassed the signatories' "entire understanding," did not make the lump sum payment contingent upon the establishment of a trust or annuity or indicate that plaintiff would be entitled to a return of the Wife's distributive share in the event that she failed to set up a trust or annuity. Further, the stipulation stated that any property division was "final and irrevocable" and the Wife's property "shall forever remain hers." Thus, the Wife's property interest in the lump sum payment vested upon entry of the judgment of divorce, and that interest survived her death (see Peterson v Goldberg, 180 AD2d 260, 263 [2d Dept 1992], lv dismissed 81 NY2d 835 [1993]).
Moreover, contrary to plaintiff's contention, the mere fact that the lump sum payment was deposited into the escrow account of the Wife's attorney does not mean that an escrow existed entitling plaintiff to the return of the funds (see Lennar Northeast Partners Ltd. Partnership v Gifaldi, 258 AD2d 240, 243 [4th Dept 1999], lv denied 94 NY2d 754 [1999]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 3, 2018
CLERK